### TERRY v. COMMERCIAL BANK OF ALABAMA.

1. The holder of the notes of an insolvent bank, the stockholders whereof are liable for so much of the just claims of creditors as remain unpaid after the assets of the bank shall be exhausted, filed a bill in equity to wind up the affairs of the institution under the provisions of its charter. The stockholders were not made parties, nor served with process ; nor was any motion, petition, or prayer, filed to subject them to liability. *Held,* that so much of the final decree as discharged them from all liability for and on account of any debt or demand against them or the bank was erroneous.

2. Where, after a final decree on the merits had been rendered upon the report of the receiver and upon the reports of the master to whom it had been referred, all of which had been confirmed without exception, the complainant filed a petition supported by his affidavit asserting that his solicitor had deserted his interests, failed to except to the reports, and improperly consented to the decree, — *Held,* that this court cannot consider the alleged errors in the reports of the master, or review the action of the court below in refusing to set aside the decree upon an application addressed mainly to its discretion.

3. If the complainant desired to place the case in a position where the action of the court below could be reviewed here, he should have filed his bill of review, and supported it by depositions. Such a bill is also the appropriate remedy where a decree has been obtained by fraud.

APPEAL from the Circuit Court of the United States for the Southern District of Alabama.

*Mr. Harvey Terry* for the appellant.

No opposing counsel.

MR. JUSTICE MILLER delivered the opinion of the court.

The defendant, the Commercial Bank of Alabama, was a

banking corporation organized under the laws of that State, and had become insolvent. The appellant, a citizen of the State of South Carolina, brought a suit in the District Court for the Middle District of Alabama, at that time exercising circuit-court powers, to wind up the bank under the provisions of the twenty-first section of its charter. Plaintiff alleged and proved that he was the owner of about $3,000 of the notes of the bank, on which he had demanded payment, and been refused. The bank admitted its insolvency; and a receiver was appointed by consent to wind up its affairs, and publication made for all creditors to come in and prove their claims. The receiver made his report, which was referred to a master, who also reported.

These reports, and several supplemental reports, were all confirmed without exceptions, and a final order of distribution made among those who had proved their claims, allowing first the costs of the proceeding, including attorney's fees and other costs of suit. All of these were referred to a master, who reported, and to whose report no exceptions were taken.

After all this was done, the appellant here and plaintiff below appeared in person, and filed numerous petitions and affidavits signed by himself, excepting to the decree, asking to set it aside, excepting to the reports, and suggesting many other matters and things in which he sought to modify or correct the decree.

The foundation of all this seems to be the charge that his counsel deserted his interest, failed to except to the reports, and consented to the decree because they received what he called an exorbitant allowance for their services out of the fund which should have gone to the creditors of the bank, thereby diminishing the amount of his dividend.

As to all this, it is sufficient to say that these motions cannot be considered here. They are mainly addressed to the discretion of the court, coming as they do after a final decree on the merits. If appellant desired to place the case in a position where this court could review the action of the court on that class of questions, he should have filed his bill of review and made the proper issues, and supported it by depositions. As it now stands, his motions are unsupported by any thing but his own affidavit.

So as to the errors alleged in the master's reports. There were no exceptions filed to these reports until after they were confirmed and a final order of distribution made. This court cannot review those reports on exceptions taken after that, and urged upon us now on appeal. If, as appellant alleges, he has been defrauded by his counsel, he must sue *them* for what he has lost by the fraud.

If he desire to set aside the decree because it was obtained by fraud, his remedy is by bill of review.

But he complains of one error in the decree which is shown on the face of the proceedings, and as to which he is, we think, entitled to have it reversed.

It appears that the creditors of the bank have not been paid the full amount of their claims, as allowed by the master, and confirmed by the court. By the law of the charter, the stockholders are liable to be called on for contribution to make up this deficit. They have not been made parties to this proceeding. No rule or process has been served on them, nor any motion or petition or prayer filed to subject them to liability. The decree, however, orders " that the said Commercial Bank of Alabama, its officers and *stockholders*, be, and they are hereby, for ever discharged from any and all liability for or on account of any debt or demand of whatsoever nature, now or hereafter, subsisting against the bank and officers or stockholders of the same."

We see nothing in the proceedings to authorize the part of the decree which relates to the stockholders. Their liability has not been put in issue by any pleading, notice, or paper in the cause; and while, under these circumstances, this part of the decree may be void for that reason, we still think appellant has the right to have it removed out of the way of his proceeding against these shareholders, if he should desire to do so.

The decree of the District Court is affirmed as to all but this part of it, and the case is remanded to the Circuit Court for the Southern District of Alabama, to which, by law, it has been transferred, with directions to modify the decree in that respect, as indicated in this opinion ; and, when so modified,

*The decree is affirmed, appellant to recover costs of appeal.*