## PENNIMAN & BRO. *v.* WILLIAM SMITH.

1. GARNISHMENT. *Debt sued on.* *Judgment.* *Decree.* A debt sued on either at law or in equity, and a judgment or decree may be reached by garnishment.

2. ASSIGNMENT. *Chose in action.* *Attaching creditors.* *Notice to creditor.* The assignment of a *chose in action*, other than such *choses in action* as are negotiable or so assignable by law as to pass the legal title, will not be good against subsequent assignees and attaching creditors, until notice of the assignment has been given to the debtor, and a judgment or decree is within the rule.

Penniman & Bro. *v.* Smith.

-3. SAME. *Entry on minutes of the court. Coram non judice. When.* An entry on the minutes of a court made by consent of parties binds only those persons who consent to it, and if not justified by the pleadings in the particular cause in which it purports to be entered is *coram non judice* and void as an adjudication, and only efficacious as an agreement.

-4. SAME. *Creditors. Diligence in giving notice.* In a contest between the creditors of a common debtor it is a question of diligence, not of equity, and the creditor who first perfects his rights by notice to the debtor must prevail.

-5. SAME. *Same. Same.* Pending a chancery suit in this court, and after a decree affirming a decree below declaring a party's right to an account and remanding the cause to take the account, that party assigned to two of his creditors the recovery which he might obtain in the chancery court, and this court permitted the assignment to be filed and made a part of the record, with direction to the clerk to copy the entry and send it down with the record, and afterwards, before notice of his assignment to the debtor, a judgment creditor served the debtor with a garnishment notice. *Held,* that the latter had the better right.

## FROM GRAINGER.

Appeal in error from the Circuit Court of Grainger county. J. G. ROSE, J.

J. W. YOE for Penniman Bros.

J. T. & J. K. SHIELDS for Smith.

COOPER, J., delivered the opinion of the court.

The contest in this case is between the creditors of the defendant, William Smith, and his assignees over a recovery in his favor by a chancery decree against Samuel Shields, administrator of Henry Allsup, deceased. The chancellor found in favor of the assignees and the creditors appealed.

By a decree of the chancery court in a suit by William Smith against Samuel Shields, administrator of Henry Allsup, deceased, it was found that the complainant was entitled to a money recovery against the defendant upon principles then settled, and reference was made to the master to take an account between the parties in order to ascertain and determine the amount due. Upon appeal that decree was affirmed by this court at the September term, 1871, and the case remanded, to the end that the account ordered should be taken. Afterwards, but at the same term, an entry under the style of the cause was made on the minutes of the court commencing thus: "In this cause, the complainant executed the assignment in the words and figures following, to-wit." This assignment bears date October 27th, 1871, and is in substance that complainant, Smith, for the purpose of paying just debts then owing by him to John Nance and Andrew Yates, administrator of . James Yates, has assigned to them the recovery which he might obtain in the chancery court in the cause upon the remand, subject to the payment of counsel fees, and authorized and requested the court "to decree the sum finally decreed" to him to the said assignees, "which," the entry adds, "the court permits to be filed and made a part of the record, and the clerk of the court will copy and send down with the decree of reversal to the chancery court." Such proceedings were had in the cause, after the remand, that on October 20th, 1875, a decree was rendered in favor of Smith and against Shields as administrator for $715.50. The

contest is over this sum after deducting the fees of counsel for services rendered in its recovery.

The plaintiffs, Penniman & Bro., are judgment creditors of William Smith, by judgment rendered in April, 1866. Under an execution issued upon this judgment, the sheriff, on January 17, 1872, served a garnishment notice on Samuel Shields to answer as garnishee what amount he on that day owed the judgment debtor, Smith. Shields answered, but not it seems until the present year, 1880, admitting the recovery by Smith against him in the above cause as stated, and the payment by him of the fees of counsel, which had been allowed by the court as a credit thereon. He then sets out the facts, upon information and belief, of the assignment by Smith to Nance and Yates, and its entry on the minutes of this court as above stated. He says he heard some rumor that said assignment had been made several years ago, how or when he does not remember. About two weeks before filing his answer, Nance, one of the assignees, informed him that an assignment had been made, and during the week in which his answer was filed, he for the first time saw and read said assignment. " No other notice," he adds, " was ever served on him." It is agreed by the parties, that the delay in filing an answer to the garnishment should not prejudice the rights of the creditors under the original notice.

In substance, the facts are that William Smith, pending a suit in chancery by him on an unliquidated demand against Samuel Shields, as administrator of Allsup, assigned the demand, on October 27th, 1871,

to Nance and Yates, and the same demand, pending the same suit, was, on January 17th, 1872, fixed with a garnishment lien by notice in favor of Penniman & Bro., as judgment creditors of Smith. The assignment to Nance and Yates was entered on the minutes of this court about the time of its execution, but no notice thereof was in fact given to Shields until long after the notice by service of garnishment. The parties having agreed that the rights of the judgment creditors should not be prejudiced by the delay in prosecuting the garnishment proceedings, the question is narrowed down to one of priority between the creditors and the assignees under the circumstances above detailed.

It has long been settled, under our garnishment laws, that a debt already sued on, even if it be a negotiable security, may be reached by garnishment. *Huff* v. *Miller*, 7 Yer., 42. And, under the modifications of the Code, the notice inhibits the garnishee from paying to the judgment debtor any debt due or to become due. Code, sections 3088, 3097, 3100, 3480, 3485. A debt due by judgment or decree has always been held to come within the law. *Hoard* v. *Casey*, 4 Sneed, 179; *Hannah* v. *Farnsworth*, 3 Leg. Rep., 292; *Carrigan* v. *Leatherwood*, 3 Leg. Rep., 137. It has also long been settled that the assignment of a *chose-in action*, other than such choses as are negotiable or so assignable by law as to pass the legal title, will not be good as against subsequent assignees or attaching creditors, until notice of the assignment is given to the debtor: *Clodfelter* v. *Cox*, 1 Sneed, 330. And

a judgment or decree falls within the general rule, for the assignment does not authorize the assignee to bring an action thereon in his own name. Freem. on Judgments, sec. 421; *Carrigan* v. *Leatherwood*, 3 Leg. Rep., 137. The first decision made by this court on the necessity of notice to the debtor to perfect the assignment of a *chose in action* was made at the December term, 1850, at Nashville, in *Marshall* v. *Fields*, a case never reported, but cited in *Allen* v. *Bain*, 2 Head, 108. At the December term, 1851, the question again came before the court, and was again decided in *McGee* v. *Nelson*, the decree in which case was before the court in *Clodfelter* v. *Cox*. The contest there was between the creditor who had attached a debt due by the decree of a court of chancery, and an assignee claiming the same decree by a previous assignment in trust, and duly registered, but of which assignment no actual notice had been given to the debtor. The attaching creditor was held to have the better right. The case of *Clodfelter* v. *Cox* is the first case reported in our books where the rule was distinctly recognized, though not decided, and for that reason has been cited as the leading case on the subject. The rule has since been followed in assignments of debts, including judgment debts, which only pass the equitable, and not the legal right. *Cornick* v. *Richards*, 3 Lea, 18. Unless, therefore, there is something in the case now before us to take it out of the rule, the garnishing creditor must be held to have the better right.

It is argued by the learned counsel for the as-

signees that the entry of the assignment on the minutes of this court operated to take the case out of the rule. The mere entry of the assignment on the minutes of the court would not, of course, have any such effect. This was taken for granted by the court in *Clodfelter* v. *Cox*, where the assignment of the judgment was entered on the minutes, and again in *Hannah* v. *Farnsworth*, 3 Lea, 292, where the assignment was not only spread on the minutes, but the decree, in which the judgment assigned was rendered, "adjudged" that the proceeds of the judgment, when collected by the clerk, should be paid to the assignee. Here was not only an entry but a formal adjudication, or rather an adjudication in form, of a court of original jurisdiction, and yet the attaching creditor was conceded by the court to have the better right because of the want of notice to the judgment debtor of the assignment. It can scarcely be contended that an adjudication in form only, under like circumstances, in a court of appellate jurisdiction, could have any greater efficacy. This court, however, merely permitted the assignment to be filed and made a part of the record, and directed the clerk to copy and send it down to the chancery court with the decree. The court, out of courtesy to the parties to the assignment, allowed them to make the entry, but adjudged nothing. An entry on the minutes of the court by consent of the parties binds only those who consent to it, and if not justified by the pleadings in the particular case in which it purports to be entered, is *coram non judice*, and void as an adjudication, and only efficacious as

an agreement.    *Rice* v. *Alley*, 1 Sneed, 52;    *Revis* v. *Wallace*, 2 Heis., 662;    *Hix* v. *Gosling*, 1 Lea, 573. Other authorities are in accord.    *Cocker* v. *Bevis*, 2 Freem. Ch., 129;    *Allen* v. *Richardson*, 9 Rich. Eq., 56;    *Wiseman* v. *Hunter*, 14 Rich. Eq., 172;    *Lamb* v. *Gatlin*, 2 Dev. & B. Eq., 40;    *Terry* v. *Commercial Bank*, 92 U. S., 454;    *Mayo* v. *Harding*, 3 Tenn. Ch., 237;    *Dillard* v. *Harris*, 2 Tenn. Ch., 193.

In a contest between creditors of a common debtor it is a question of diligence, not of equity, and the creditor who first perfects his right by notice to the debtor must prevail.

The judgment must be reversed, and a judgment rendered here in accordance with this opinion.    The costs will be first paid out of the fund.