## DAVIS *v.* SPEIDEN.

1. The rule is administrative rather than jurisdictional, that no bill of review shall be admitted unless the party first obeys and performs the decree, and "enters into a recognizance, with sureties, to satisfy the costs and damages for the delay if it be found against him."
2. No special license of the court is required to file a bill of review for the correction of errors on the face of the record.
3. A., without performing a decree rendered against him, filed, in the Supreme Court of the District of Columbia, such a bill of review. A demurrer thereto was, at a special term, overruled and an appeal taken. *Held,* that the court *in banc* erred in requiring him to perform the decree or submit to the dismissal of his bill, as, by his uncontradicted affidavit, he had brought himself within the operation of that exception to the rule which, in case of poverty, want of assets, or other inability, dispenses with performance.

APPEAL from the Supreme Court of the District of Columbia.

The facts are stated in the opinion of the court.

*Mr. Job Barnard* and *Mr. James S. Edwards* for the appellant.

*Mr. William F. Mattingly, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a bill of review for error apparent on the face of the record, and we think with the court below that on the merits it presents a case for reversal, because the averments in the original bill were not sufficiently precise and definite to warrant a decree such as was rendered, without proof. The only

question, therefore, is whether the court was right in dismissing the bill because the decree had not been performed.

One of Lord Bacon's ordinances "for the better and more regular administration of justice in chancery, to be daily observed, saving the prerogative of the court," was that "no bill of review shall be admitted, or other new bill to change matter decreed, except that the decree be first obeyed and performed," save only where the act decreed to be done would extinguish a party's right at common law. Bacon's Law Tracts, 280. This ordinance is the foundation of the practice not to entertain bills of review until the decree to be reviewed has been performed, or its performance excused; the object being, as was said by Chancellor Kent, in *Wiser* v. *Blachly* (2 Johns. (N. Y.) Ch. 290), " to prevent abuse in the administration of justice, by the filing of bills of review for delay and vexation, or otherwise protracting the litigation to the discouragement and distress of the adverse party." That this ordinance was intended for the regulation of procedure rather than to limit the jurisdiction of the court, seems to us apparent, because not only on its face the " prerogative of the court is saved," but as early as 1632, in *Cock* v. *Hobb* (5 Russ. 235), a bill of review having been filed without performance of the decree, the cause was permitted to proceed on giving security for the debt which was decreed to be paid. Afterwards, in 1674, in *Savill* v. *Darrey* (1 Ch. Cas. 42), where to a bill for the review of a decree for a large sum of money the rule was pleaded " that the defendant ought first to pay the money, before the bill should be brought into court," the Lord Chancellor said, " Let him give good security for the money, and we will dispense with the rule." Again, in 1682, in *Williams* v. *Mellish* (1 Vern. 117), where a motion was made that proceedings on a decree be stayed until a bill of review could be heard, it was ordered that the decree should be performed before any bill of review would be allowed, " unless the plaintiff . . . will swear himself not able to perform the decree, and will surrender himself to the Fleet, to lie in prison until the matter be determined on the bill of review." Afterwards, during the year 1684, in *Fitton* v. *Macclesfield* (1 id. 264), on a motion that a bill of review might be admitted without the

payment of costs in a former suit, amounting to £150, the plaintiff having made oath that he was not worth £40 besides the matter in dispute, leave was granted him to bring in the bill without the payment; and although, when the bill of review came on for hearing, it was insisted that the order dispensing with the payment of the costs ought to have been set forth in the bill, and it had not been done, the court passed by the objection without notice, and dismissed the case on its merits. So in 1685, in *Palmes* v. *Danby* (5 Russ. 239), Danby, the defendant to a bill for the review of a decree for the payment of money, put in a plea and demurrer, and among other causes of demurrer assigned that " the decree had not been performed by the complainants in review, as ought to have been done by the rules and practice of this honorable court before they can be permitted to bring a bill of review; " but, notwithstanding this, the court finally heard the cause and made a decree on the whole matter. These cases clearly show that from the beginning the ordinance was treated as a rule of practice, and questions touching obedience to its requirements were not considered as matters of strict right, but as governed by a sound discretion. *Taylor* v. *Person*, 2 Hawks (N. C.), 298.

Another of the ordinances of Lord Bacon, promulgated at the same time, provided " that no bill of review shall be put in, except the party that prefers it enters into a recognizance with sureties for satisfying of costs and damages for the delay, if it be found against him." Bacon's Law Tracts, *supra*. This is of the same general character with the other. That provides that a bill of review shall not be *admitted*, that is to say, received, until the decree has been performed; and this, that such a bill shall not be *put in* until the prescribed security is given. Both are administrative rather than jurisdictional. The order for security was as imperative as that for performance, but we think it would not be seriously claimed that a bill which could be filed as a matter of right, was, while that rule was in force, subject to demurrer if it failed to set forth that a recognizance had been entered into. Undoubtedly a court would strike a bill from the files if it got there, without a performance of the decree, or the security required, unless

good cause was shown why it had not been done. That would be a far different thing from dismissing a bill on demurrer for like cause.

We are aware that under another ordinance of Lord Bacon in respect to bills of review for newly discovered matter, and which provides that such a bill " may be grounded by special license of the court, and not otherwise " (Bacon's Law Tracts, *supra*), it was held by the Master of the Rolls, in *Bainbridge* v. *Baddeley* (9 Beav. 538), that a demurrer must be allowed unless such special license is averred, and that this case was followed hesitatingly by the Vice-Chancellor in *Henderson* v. *Cook* (4 Drew. 306), because Lord Redesdale had said (Mit. Pl. by Jer. 89) it *seemed* necessary to state in the bill the leave obtained to file it. Whatever may be said in such cases, which are really only bills in the nature of bills of review, and which can *only* be filed on special license, we think it clear that as to bills which relate to errors on the face of the decree alone, and which may be filed without leave, no such rule prevails. The filing without performance is in the nature of privilege, not jurisdiction. The courts of some of the States have so treated it (*Forman* v. *Stickney*, 77 Ill. 575), and we are clearly of the opinion that such is the better practice and fully recognized by all the early English cases. Performance does not establish the error, but only makes it the duty of the courts, when called on in a proper way, to inquire as to any errors that may have been committed. Whether the courts will enter on such an inquiry without performance depends upon the exercise of a sound judicial discretion applied to the facts of the particular case.

This brings us to the facts as presented by this record. The bill of review does not aver a performance of the decree or give any excuse for non-performance. It was demurred to, among other things, on this ground. The court below at special term, notwithstanding the demurrer, reversed and vacated the decree in the original cause, and gave the complainant in the bill of review leave to answer *instanter*, and for that purpose to withdraw the answer filed as an exhibit to the present bill, leaving a copy with the papers. Speiden was also enjoined from prosecuting his suit at law until the final hear-

ing of the original cause. On appeal to the general term it was ordered that Davis be permitted, by a day named, to pay into court the amount due on the decree against him, and if he did, that the decree of the special term be affirmed; but if he did not, that such decree be reversed and the bill of review dismissed. At the appointed time Davis appeared, and by affidavit showed to the court that he was utterly unable to comply with the decree at the general term; that he had no means and no possible way by or from which he could raise the money to bring into court, and this because of the great financial embarrassment under which he was then laboring. He consequently asked that the order as entered be modified so as to allow him to amend his bill, or, if that could not be done, that his bill be dismissed without prejudice. This was refused, and, consequently, the decree of the special term was reversed and the bill of review dismissed. In this we think there was error. The injustice of the decree as it stood was manifest on the face of the record, and the showing by the affidavit, which was uncontradicted, clearly brought the complainant in review within the operation of the exception to the rule dispensing with performance in case of "poverty, want of assets, or other inability to do it." *Wiser* v. *Blachly, supra.*

The decree of the Supreme Court of the District in general term will be reversed and the cause remanded, with instructions to affirm the decree at special term and proceed accordingly; and it is

*So ordered.*