# CERECEDO HERMANOS

*v.*

# JAFFE BROTHERS & COMPANY.

BILL OF REVIEW.

1. Section 1008, U. S. Rev. Stat. (U. S. Comp. Stat. 1901, p. 715), allows two years for filing bills of review.
2. A bill of review plainly showing irregularity in former proceedings should be allowed, if filed in time.
3. The rule that bills of review should not be entertained until the payment of the judgment is administrative, and not jurisdictional.
4. After a *pro confesso* order is entered, distinct and positive averments of the bill will be taken as true without proof; but, if vague, evidence should be produced. A *pro confesso* decree should conform to the prayer of the bill.

June 22, 1903.

*Mr. F. H. Dexter* for complainants.

*Mr. Pettingill* for defendants.

HOLT, Judge, delivered the following opinion:

This is a petition for leave to file a bill of review, which is also tendered. The decree asked to be set aside was entered June 8th, 1901. This petition was presented February 6th, 1902. Objection is made that it comes too late. It is claimed that the act of Congress of March 3d, 1891, relative to the United States circuit court of appeals, applies to it. The limitation

for appeal—and which, by analogy, has been applied in equity
to the time for filing bills of review—applicable, however, is the
two years provided in § 1008 of the United States Revised
Statutes.    Clark v. Killian, 103 U. S. 766, 26 L. ed. 607; Allen
v. Southern P. R. Co. 173 U. S. 479, 43 L. ed. 775, 19 Sup. Ct.
Rep. 518.

The decree is assailed for alleged error of law apparent upon
the record, and also upon the ground of newly discovered evi-
dence of payment of the indebtedness for which judgment was
rendered, and which could not, by diligence, have been sooner
discovered.    The decree was a *pro confesso* one.    The original
bill was filed November 19th, 1900, by Jaffe Brothers & Com-
pany and Hinne Brothers & Company, as complainants, against
José Fernandez & Company and Cerecedo Hermanos and others,
as defendants.    It avers, in substance, that Fernandez & Com-
pany, of which firm Cerecedo Brothers were special partners up
to the time when Fernandez & Company suspended payment,
were indebted to the complainants in certain sums set forth in
the bill; that fraudulently and to obtain time the last-named
firm agreed with Jaffe Brothers & Company to transfer to them
certain securities upon third parties for their debt, but there-
after proposed to turn them over in actual payment *pro tanto;*
but when the agent of Jaffe Brothers & Company obtained au-
thority to agree to this, said firm applied for suspension of pay-
ments; that to get this they issued false evidences of indebted-
ness to Cerecedo Brothers and others; that after the suspension
of payments Fernandez, as liquidator, fraudulently transferred
the securities complainant, Jaffe Brothers & Company, were
to have to a third party, without consideration and for half
their value, Cerecedo Brothers being in fact the real purchasers;
that Fernandez, after the suspension of payments, turned over
to Cerecedo Brothers a large amount of property, the amount

being unknown to complainants, and disposed of a large part of the assets fraudulently. Interrogatories were propounded in the bill to Fernandez. The relief sought was a specific performance of the agreement with Fernandez as to the securities; that a receiver be appointed, and the assets of Fernandez & Company be marshaled; that Fernandez & Company be enjoined from collecting said securities or interfering with the company's assets; that they be delivered to the receiver, the liens be ascertained, the property sold and distributed among the creditors, Jaffe Brothers & Company being allowed to participate in the distribution, said securities being first applied on their debt. The receiver was appointed on January 14th, 1901, but never qualified. An attorney appeared for the defendants, but the bill for review avers that.he did so for Fernandez & Company, and not for Cerecedo Hermanos, and was not authorized to do so for Cerecedo Hermanos. No defense was, however, presented. The final decree adjudged not only Fernandez but Cerecedo Hermanos indebted to Jaffe Brothers & Company in the sum of $11,312.02, with interest from December 31st, 1899, and to Hinne & Company in the sum of $1,936.30, with interest from June 30th, 1900, and that in default of payment execution might issue therefor. It also canceled certain indebtedness, as fraudulent, of Fernandez .& Company to Cerecedo Brothers, and annulled certain transfers to other parties.

The alleged payment of the indebtedness is confined to Jaffe Brothers & Company. There is no claim of payment of Hinne & Company. The alleged payment of Jaffe Brothers & Company was made by the payment of certain moneys and the taking of certain transfers of real estate through an alleged agent. It is claimed, upon the one side, the person was not such agent and had no authority to make a settlement. This is denied.

The matter should be investigated, or an injustice may be

done. It is urged, as one ground for review, that the court had no jurisdiction to render the ·decree. All the complainants, however, were aliens. It is urged that the bill for review should not be entertained until the payment of the judgment, which is for money. Generally, one asking to file a bill for review must show performance of the decree. The reason is that opportunity for abuse by delay should not be afforded to parties by such bills. But why require payment if it be true that payment has already been made? It is true this would only apply in this case to Jaffe Brothers & Company, but whether the court will require compliance with a decree before entering a bill for review depends upon the circumstances of the case. It is an administrative, and not a jurisdictional, rule. Davis v. Speiden, 104 U. S. 84, 26 L. ed. 660.

The serious question in the case is, Did the averments of the bill authorize the money decree?

Cerecedo Brothers were but special or limited partners. It is urged in opposition to the review that they were liable *de son tort* in wrongfully applying property to their use, which, in equity, belonged to the creditors; that the assets of Fernandez & Company were a trust fund, and, having wrongfully appropriated some of them, they are liable by way of a personal judgment for the indebtedness to complainants. The original bill, however, sought a settlement of the partnership and the marshaling of all the assets of Fernandez & Company for all of its creditors. This was the basis of the action. Jaffe Brothers & Company and Hinne & Company claim no relief separate from the other creditors, save Jaffe Brothers & Company claim the benefit of the securities which Fernandez had agreed to transfer to them. The bill did not proceed upon the idea of a money judgment in favor of Jaffe Brothers & Company and Hinne & Company

Cerecedo Hermanos v. Jaffe Bros. & Co.

against Cerecedo Brothers. It did not set forth specifically the value of any goods transferred to Cerecedo Brothers by Fernandez & Company. It failed to show in what sum, if any, they should be made liable, even to all the creditors. No answer was filed, and no proof was heard. The averments were not definite enough upon which to base such a decree as the one rendered. Ohio C. R. Co. v. Central Trust Co. 133 U. S. 83, 33 L. ed. 561, 10 Sup. Ct. Rep. 235.

If the averments of the bill are distinct and positive, they are to be taken as true without proof, after a *pro confesso* order; but, if so vague that a precise decree cannot be rendered, evidence should be produced. Equity rule 18 provides that the matter of a bill may be taken *pro confesso* and by decree if this can be done without answer and be proper. Such a decree, however, should conform to, and not go beyond, what is proper upon the averments of the bill. Thomson v. Wooster, 114 U. S. 104, 29 L. ed. 105, 5 Sup. Ct. Rep. 788.

It is said that the prayer for general relief authorized the judgment; but relief must be agreeable to the bill. Such a state of case is presented that the petitioners should be allowed to file their bill for review, appear, open the decree, and make defense; otherwise an injustice may be done. This being allowed, however, Jaffe Brothers & Company, and Hinne & Company should be protected. To this end the complainants in the bill for review are required to pay all costs up to this time, and to execute within ten days a bond with good security, to be approved by the clerk of this court, in the sum of $15,000 to Jaffe Brothers & Company and Hinne & Company, conditioned to perform any judgment that may finally be rendered against them. In default of their doing all this, the bill for review will not be further entertained.

Cerecedo Hermanos v. Jaffe Bros. & Co..

It appearing that execution has issued upon said decree, it is ordered to be returned upon the execution of said bond.

In the event the complainants in the bill of review comply herewith, all parties are given until October 12th, 1903, to demur, plead, or answer in these causes, which are hereby consolidated and ordered to be tried together.