## TAYLOR v. EASTON.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1910.)

### No. 3,113.

1. APPEAL AND ERROR (§ 1076*)—ASSIGNMENTS OF ERROR—WAIVER.

Where, after appeal, appellant filed in the appellate court a paper, entitled in the cause, reciting that at the suggestion of the court he would rely on the jurisdictional questions relating to the power of the Circuit Court to appoint respondent as receiver, and to enter a final order vacating a decree discharging appellant from all liability as receiver, he thereby waived an assignment of error that the court did not acquire jurisdiction over appellant's person by the issuance and service of an order to show cause.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1076.*]

2. APPEAL AND ERROR (§ 499*)—SCOPE OF REVIEW—QUESTIONS NOT RAISED AT TRIAL.

An assignment of error, in that the trial court acquired no jurisdiction over appellant's person by the issuance and service of an order to show cause, could not be reviewed, where there was nothing in the record to show that the jurisdiction of the Circuit Court over appellant's person was challenged on that account at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2295; Dec. Dig. § 499.*]

3. APPEAL AND ERROR (§ 674*)—RECORD—CONTENTS.

An assignment of error, in that the court never acquired jurisdiction over appellant's person by reason of the issuance and service of an order to show cause on appellant in another state, to which he had removed, would not be reviewed, where the record did not show that appellant had not voluntarily appeared, or that the service, if made, was not made within the court's territorial jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2874; Dec. Dig. § 674.*]

4. COURTS (§ 405*)—FEDERAL COURTS—JURISDICTIONAL QUESTIONS.

Assignments of error challenging the jurisdiction of the Circuit Court sitting as a court of equity to review its decree after the term at which it was rendered, and not involving any question as to the court's jurisdiction over defendant's person, were properly reviewable on appeal to the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1099; Dec. Dig. § 405.*

Jurisdiction of Circuit Courts of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

5. RECEIVERS (§§ 35, 59*)—APPOINTMENT—COLLATERAL ATTACK.

A Circuit Court of the United States, in the absence of statute requiring notice of application for the appointment of a receiver, in the exer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cise of judicial discretion, may appoint a receiver without notice; such appointment being subject only to direct attack for abuse of discretion.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 54–60, 103, 104; Dec. Dig. §§ 35, 59.*

Notice of application for appointment of receiver, see note to Mann v. Gaddie, 88 C. C. A. 7.]

6. RECEIVERS (§ 64*)—APPOINTMENT OF SUCCESSOR.

Where an order discharging a receiver and releasing him from further liability showed that there was money on hand which he was directed to pay over, subject to the order of the court, such money not having been finally disbursed, and it appearing that there was still property within the court's jurisdiction belonging to the corporation not administered and which the receiver had concealed, the court had not lost jurisdiction, but could appoint a new receiver, in the exercise of discretion, on an ex parte application, without notice.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 113; Dec. Dig. § 64.*]

7. EQUITY (§ 442*)—DECREE—MODIFICATION AFTER TERM.

While a court of law has no power to change or modify its judgments in substantial respects after the rising of the court for the term at which the judgment was rendered, a court of equity may vacate or modify its decrees by a bill of review filed after the term.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 1065; Dec. Dig. § 442.*]

8. EQUITY (§ 452*)—BILL OF REVIEW—TIME.

Where a bill of review is based on errors appearing on the record, it must be filed within the time in which an appeal could have been taken; but, if based on fraud in obtaining the decree, or for newly discovered evidence, the time within which it may be filed is governed by the equitable rule of laches.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 1104; Dec. Dig. § 452.*]

9. EQUITY (§ 447*)—BILL OF REVIEW—NATURE OF REMEDY—NEWLY DISCOVERED EVIDENCE—FRAUD.

A bill of review is the proper remedy to obtain a vacation of a decree in equity for newly discovered evidence or fraud.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1090–1092; Dec. Dig. § 447.*]

10. EQUITY (§ 460*)—BILL OF REVIEW—REQUISITES.

A bill of review for fraud or newly discovered evidence should state when the fraud or new evidence was discovered and should contain a prayer for subpœna or process.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1117–1123; Dec. Dig. § 460.*]

Appeal from the Circuit Court of the United States for the District of South Dakota.

Action by C. F. Easton, as receiver of the Building & Loan Association of Dakota, against Maris Taylor. From an order appointing plaintiff receiver and vacating so much of certain former judgments as released defendant Taylor from all liability as receiver and vacating the order confirming his accounts, he appeals. Motion to dismiss appeal denied, and order appointing Easton receiver affirmed, and the order of vacation reversed and remanded.

*For other cases see same topic & § NUMBER in Dec! & Am. Digs. 1907 to date, & Rep'r Indexes

T. H. Null and Harris Richardson, for appellant.

Edward C. Eliot (E. T. Taubman and G. N. Williamson, on the brief), for appellee.

Before SANBORN, Circuit Judge, and RINER and W. H. MUNGER, District Judges.

W. H. MUNGER, District Judge. In 1900, in a suit in equity brought in the Circuit Court for the District of South Dakota, by one Smiley against the Building & Loan Association of Dakota, such proceedings were had that Maris Taylor was appointed receiver for said corporation. The usual proceedings in said action were had towards closing up the estate of said Building & Loan Association, and in August, 1902, the receiver filed his final report and petition for discharge. An order was entered for hearing on the report and petition, due notice of which was given by publication, the report of the receiver was referred to a master, and in March, 1903, the court approved the master's report, directed that certain moneys on hand be paid in subject to the further order of the court, and entered an order discharging said Taylor as receiver, and releasing him from all further liability. In 1908 one C. F. Easton, a stockholder and creditor of said Building & Loan Association, filed a petition of intervention in said action, which petition of intervention, upon hearing, was allowed by the court to be filed; said petition of intervention alleging that there were still assets unadministered belonging to said Building & Loan Association, and asking for the appointment of a receiver to administer the same. Upon hearing the court appointed C. F. Easton receiver. Said Easton thereupon, as receiver, filed in said court what was denominated a "petition," setting forth facts showing that said Taylor had misappropriated funds which came into his hands as receiver, for which he did not account, etc.; that his report to the court was false and untrue; and praying, among other things, that an order issue directed to said Maris Taylor, directing him to show cause before the court, at a time and place specified, why the provision of the order made in 1903, releasing Taylor from further liability, should not be vacated and set aside, and why a certain order, confirming the sale of residuary assets made in 1902, should not be set aside and vacated. There was not the usual prayer for subpoena. The court issued an order, requiring said Taylor to appear upon a given date and show cause why the former orders and decrees should not be modified in these respects. Pursuant to such order said Taylor appeared and objected to the right or authority of the court to make the order prayed for or any order whatsoever, in the proceeding, on the ground that the final orders and decrees of the court could not be attacked or vacated or set aside after the close of the term at which said orders had been entered. He also filed an answer to the petition of the receiver, denying the principal allegations thereof, and also filed a demurrer. The demurrer was based upon the ground: First, that there was a defect of parties plaintiff; second, that the court had no jurisdiction to hear and determine the matters in controversy, in that it appeared that the orders attempted to be set aside were entered by the court at a term of

court long since closed; and, third, that the bill did not state a case, or contain any matter of equity entitling plaintiff to the relief asked. The objections to the jurisdiction and the demurrer were each overruled, to which proper exceptions were taken. The case was then referred to a master, who found in substance that Maris Taylor had not truly and faithfully administered all of the assets of said Building & Loan Association; that he had misappropriated large amounts of the assets to his own use; that he had made false and misleading reports to the court, and had thus, by his fraud, induced the court to grant the discharge and grant the release from liability, etc.

From the order of the court, appointing Easton receiver and vacating so much of the former judgment as released Taylor from all liability and vacating the order of confirmation, this appeal has been taken.

Various assignments of error were filed, among them being that Taylor, having removed from the state of South Dakota into the state of Washington, and without the jurisdiction of the court, the court had lost jurisdiction and control over said Taylor and could not reacquire jurisdiction by citation or order to show cause.

Appellee moved to dismiss the appeal on the ground that, as the questions presented by the appeal relate only to the jurisdiction of the Circuit Court, appeal should have been taken directly to the Supreme Court and not to this.

Thereafter appellant Taylor filed in this court a paper which, after entitling the case, was as follows:

"Appellant, at the suggestion of the court, hereby declares that, upon his appeal from the order of the lower court herein, he will rely only on the foregoing jurisdictional questions, relating to the power of the Circuit Court to appoint Easton as receiver, and to enter the final order of March 24, 1909, vacating the final decree of April 1, 1903, discharging appellant from all liability as receiver."

The original assignment of error that the court did not acquire jurisdiction over the person of Taylor by the issue and service of an order to show cause, Taylor being a resident of Washington, and out of the jurisdiction of the court, was waived by the paper filed in this court. Even though it was not waived, there is nothing in the record showing that the jurisdiction of the Circuit Court over the person of Taylor was challenged in that court. There is nothing in the record to indicate that Taylor had removed to the state of Washington, or was out of the jurisdiction of the court, excepting the fact that Taylor, in his answer, says:

"Statement of Maris Taylor, resident of the state of Washington, answering the petition of C. F. Easton, as receiver, upon which was based the order to show cause issued out of the United States Circuit Court for the District of South Dakota," etc.—

and the further fact that his answer was verified in the county of Whatcom and state of Washington. There is nothing to indicate that the service of the order to show cause, if made, was not made upon Taylor within the jurisdiction of the court. Indeed, there is nothing in the record, aside from what is found in the assignments of error,

to show that the order was ever served, nothing to indicate but that Taylor voluntarily appeared. Taylor's objection to the jurisdiction of the court was based entirely and solely upon the ground that the term of court had passed in which the decree sought to be modified was rendered. The assignment that the court did not have jurisdiction of the person of Taylor is not, therefore, supported by the record. Besides, the waiver of assignments, before mentioned, was a waiver of everything excepting jurisdiction to appoint Easton as receiver and the power of the court to vacate or modify the decree discharging Taylor from further liability.

These challenges to the jurisdiction are not such as are required to be certified by the Circuit Court to the Supreme Court. They are not questions which challenge the jurisdiction of the court over the person of the defendant, as in Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602, and in St. Louis Cotton Compress Co. v. American Cotton Co., 125 Fed. 196, 60 C. C. A. 80. In each of those cases the jurisdiction of the Circuit Court over the person of the defendant was presented, and in those cases it was held that such question was appealable only to the Supreme Court.

The questions now presented to this court are questions which relate only to the general powers of the court as a court of equity, and are not questions which relate to the jurisdiction of the court as a federal court, and we think this court has jurisdiction on appeal to consider and determine the power and jurisdiction of the Circuit Court, sitting as a court of equity, to review its decree after the term at which the decree was rendered has passed. That, in this respect, the case falls directly within the rule announced by the Supreme Court in Louisville v. Knott, 191 U. S. 225, 24 Sup. Ct. 119, 48 L. Ed. 159, and Courtney v. Pradt, 196 U. S. 89, 25 Sup. Ct. 208, 49 L. Ed. 398, and previous decisions of the court therein cited.

Considering the merits of the appeal, the first objection is that the court had no power or jurisdiction to appoint Easton receiver upon an ex parte application, for the reason that the court had lost jurisdiction of the case. In the absence of a statute, requiring notice of the application for the appointment of a receiver, we think the law correctly stated in Alderson on Receivers, p. 168, § 131, as follows:

"The appointment of a receiver without notice is entirely a matter of judicial discretion. The power to make the appointment without notice is inherent in a court of equity. It follows logically that want of notice does not affect the validity of the appointment, in reference to whether it be void, but merely concerns it as being the proper or improper exercise of sound and judicial discretion. An abuse of such discretion would merely render the appointment erroneous, subject to only direct and not collateral attack."

The order made, discharging Taylor as receiver, and releasing him from further liability, showed that there was money upon hand which Taylor was directed to pay over, subject to the order of the court. It does not, anywhere, appear that this money had been fully and finally disbursed by the court, and jurisdiction terminated. Again, it appears by the allegations of the petition and the finding of the master that there was property within the jurisdiction of the court belonging to the assets of the Building & Loan Association, which had

not been administered by Taylor during his receivership, but the existence of which he had concealed from the court. Such being the case, the court had not lost jurisdiction, and there was no abuse of discretion in the appointment of Easton as receiver upon an ex parte application without notice.

The only remaining question relates to the power and jurisdiction of the court to vacate or modify its decree after the term. It must be conceded that a court of law is powerless to change or modify, in substantial respects, its judgments after the rising of the court for the term in which the judgment was rendered. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013. But a court of equity may, by bill of review, filed after the term, modify or vacate its decrees. If the bill of review is based upon errors appearing upon the record, it must be filed within the time in which an appeal could have been taken. If, however, the bill of review is based upon fraud in obtaining the decree, or for newly discovered evidence, the time within which it should be filed is governed by the general equitable rules of laches. Bill of review has always been recognized as the proper remedy in case of newly discovered evidence. That it is also the proper remedy in case of fraud was said by Justice Miller, in Terry v. Commercial Bank of Alabama, 92 U. S. 454–456, 23 L. Ed. 620.

In the case before us the application made to the Circuit Court by petition is lacking in some of the essential elements of a bill of review. A bill of review should state when the fraud or new evidence was discovered, so that the court may see that the party has not been guilty of laches, and, like other bills in equity, should contain a prayer for subpœna or process. No claim is made in the briefs, nor was any suggestion made in the oral argument, that the petition could be sustained as a bill of review, and we do not think it can be so treated.

For the foregoing reasons, the motion to dismiss is overruled, the order of the court appointing Easton receiver is affirmed, but the order of March 24, 1909, which vacated the former order and decree, is reversed, and the cause remanded to the Circuit Court, with leave to that court to take such further steps as it may desire, not inconsistent with this opinion.