## HAGEROTT v. ADAMS.

### No. 9456.

Circuit Court of Appeals, Eighth Circuit.
Sept. 9, 1932.

John R. Ware, of Minneapolis, Minn. (W. L. Sholes, of Minneapolis, Minn., on the brief), for appellant.

Alfred Zuger, of Bismarck, N. D. (Robert G. Dodge and Harold S. Davis, both of Boston, Mass., and B. F. Tillotson, of Bismarck, N. D., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

The appellee, Adams, brought a suit in equity against the appellant, Hagerott, in the United States District Court for the District of North Dakota. The trial resulted in a decree for Hagerott. Adams appealed. The decree was reversed by this court, with directions to enter a decree in favor of Adams. Adams v. Hagerott, 34 F.(2d) 899. In April, 1931, the appellant applied to this court for leave to file in the lower court a bill of review upon the ground of newly discovered evidence. This application was heard on May 9, 1931, and denied on May 18, 1931. This court in its order denying the application referred to the expiration of the term at which its decree was entered and its mandate issued, as well as to the complete performance of the mandate.

On September 2, 1931, the appellant filed in the lower court an application for leave to file his bill of review. A response to the application was filed by the appellee, objecting to the jurisdiction of that court on the ground that leave to file had not been obtained from this court, but had been denied. On October 31, 1931, an order was entered by the lower court denying the petition, "for the reason that the Court is without jurisdiction, leave to file said petition not having first been granted by the United States Circuit Court of Appeals." This appeal is from that order.

The only question presented is whether leave of this court was necessary to the exercise of jurisdiction by the lower court. This could be fully answered by the mere citation of authorities, but a broader treatment of the subject will perhaps lead to a clearer understanding.

"Since the ordinances of Lord Bacon, a bill of review can only be brought for 'error in law appearing in the body of the decree or record,' without further examination of matters of fact; or for some new matter of fact discovered, which was not known and could

36

not possibly have been used at the time of the decree." Kennedy et al. v. Bank of Georgia, 49 U. S. (8 How.) 586, 609, 12 L. Ed. 1209.

"Bills of review are on two grounds: first, error of law apparent on the face of the record without further examination of matters of fact; second, new facts discovered since the decree, which should materially affect the decree and probably induce a different result." Scotten v. Littlefield, 235 U. S. 407, 411, 35 S. Ct. 125, 59 L. Ed. 289.

This court in Hill v. Phelps, 101 F. 650, 651, stated: "The purpose of a bill of review is to obtain a reversal or modification of a final decree. There are but three grounds upon which such a bill can be sustained. They are (1) error of law apparent on the face of the decree and the pleadings and proceedings upon which it is based, exclusive of the evidence; (2) new matter which has arisen since the decree; and (3) newly-discovered evidence, which could not have been found and produced, by the use of reasonable diligence, before the decree was rendered."

█ A bill of review on the ground of newly discovered evidence to secure the modification or reversal of a decree entered upon the mandate of an appellate court may not be filed without leave of that court.

In Omaha Electric Light & Power Co. v. City of Omaha, 216 F. 848, 853, this court said: "After the decision on appeal and the remanding of the case to the trial court, a bill of review may be filed on the ground of newly discovered evidence. In order to prevent a conflict of jurisdiction, however, it is necessary in such a case to first obtain the consent of the appellate court whose judgment is to be reviewed. Southard v. Russell, 16 How. 547, 14 L. Ed. 1052; Keith v. Alger, 124 F. 32, 59 C. C. A. 552. Such a bill does not seek a revising of the decree, but proceeds to a new decree upon new evidence."

In Southard v. Russell, 16 How. 547, 570, 571, 14 L. Ed. 1052, appears this language: "Nor will a bill of review lie in the case of newly-discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the Court of Chancery and House of Lords, in England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between parties in chancery suits."

In Society of Shakers v. Watson (C. C. A.) 77 F. 512, 513, Judge Lurton, afterwards Mr. Justice Lurton, said: "As the decree sought to be reviewed is in fact the decree of this court, the application for leave to file a bill of review is properly made here. Southard v. Russell, 16 How. 547 [14 L. Ed. 1052]; Kingsbury v. Buckner, 134 U. S. 650–671, 10 S. Ct. 638 [33 L. Ed. 1047]; [Franklin Sav.] Bank v. Taylor, 4 C. C. A. 55, 53 F. 854. On a mandate from this court, the circuit court can only record our decree, and proceed with its own decree as affirmed, or upon the decree it was directed to enter, and has no power to alter, rescind, or modify such decree, unless leave to do so is reserved, or first had and obtained by application to this court. The decrees and mandates of this court have precisely the same finality as the decrees and mandates of the supreme court." See, also, Rothschild & Co. v. Marshall (C. C. A.) 51 F.(2d) 897; National Brake & Electric Co. v. Christensen, 254 U. S. 425, 41 S. Ct. 154, 65 L. Ed. 341; Suhor v. Gooch (C. C. A.) 248 F. 870, 871; American Foundry Equipment Co. v. Wadsworth (C. C. A.) 290 F. 195, 196; Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475; In re Potts, 166 U. S. 263, 267, 17 S. Ct. 520, 41 L. Ed. 994; Kingsbury v. Buckner, 134 U. S. 650, 671, 10 S. Ct. 638, 33 L. Ed. 1047; Power Specialty Co. v. Connecticut Light & Power Co. (D. C.) 39 F.(2d) 493; Novelty Tufting Machine Co. v. Buser (C. C. A.) 158 F. 83, 14 Ann. Cas. 192; In re Gamewell Fire-Alarm Tel. Co. (C. C. A.) 73 F. 908; Pittsburgh, C., C. & St. L. R. Co. v. Keokuk & H. Bridge Co. (C. C. A.) 107 F. 781; Obear-Nester Glass Co. v. Hartford-Empire Co. (C. C. A. 8) 61 F.(2d) 31.

█ A bill of review on the ground of error apparent on the face of the record must be filed within the time allowed for appeal. Huntington v. Little Rock & Ft. S. R. Co. (C. C.) 16 F. 906; Chamberlin v. Peoria, D. & E. R. Co. (C. C. A.) 118 F. 32; In re Brown (D. C.) 213 F. 701; Rothschild & Co. v. Marshall, supra; Taylor v. Easton (C. C. A.) 180 F. 363; Thomas v. Brockenbrough et al., 10 Wheat. 146, 6 L. Ed. 287; Ricker v. Powell, 100 U. S. 104, 107, 109, 25 L. Ed. 527. Leave of court to file such a bill is not required. Ricker v. Powell, supra; Davis v. Speiden, 104 U. S. 83, 26 L. Ed. 660; In re Brown (D. C.) 213 F. 701, affirmed In re A. O. Brown & Co. (C. C. A.) 213 F. 705, affirmed Scotten v. Littlefield, supra.

█ However, the time within which a bill of review on the ground of newly discov-

ered evidence must be filed is governed by the equitable principle of laches. This court, in Taylor v. Easton, supra, on page 368 of 180 F., said: "But a court of equity may, by bill of review, filed after the term, modify or vacate its decrees. If the bill of review is based upon errors appearing upon the record, it must be filed within the time in which an appeal could have been taken. If, however, the bill of review is based upon fraud in obtaining the decree, or for newly discovered evidence, the time within which it should be filed is governed by the general equitable rules of laches. Bill of review has always been recognized as the proper remedy in case of newly discovered evidence. That it is, also the proper remedy in case of fraud was said by Justice Miller, in Terry v. Commercial Bank of Alabama, 92 U. S. 454–456, 23 L. Ed. 620." See, also, Thomas v. Brockenbrough et al., supra.

An application for leave to file a bill of review based upon newly discovered evidence may be entertained by an appellate court and leave granted after its mandate has gone down and the term expired and after the expiration of the term at which the decree was entered in the trial court. In re Gamewell Fire-Alarm Tel. Co., supra, page 911 of 73 F.; National Brake & Electric Co. v. Christensen, supra; Rown v. Brake-Testing Equipment Corporation (C. C. A.) 50 F.(2d) 380.

This court in Swift v. Parmenter, 22 F. (2d) 142, considered upon its merits an application for leave to file such a bill of review long after the expiration of the term.

In Ricker v. Powell, supra, it was held that "the rule is well settled, subject, however, to some exceptions, that 'before a bill of review * * * can be filed the decree must be first obeyed and performed. * * * Thus, if money is directed to be paid, it ought to be paid before the bill of review is filed; though it may afterwards be ordered to be refunded.'"

In Davis v. Speiden, supra, page 86 of 104 U. S., 26 L. Ed. 660, the court said: "Whether the courts will enter on such an inquiry without performance depends upon the exercise of a sound judicial discretion applied to the facts of the particular case."

It is therefore apparent that, when it is sought to file a bill of review on the ground of newly discovered evidence, where there has been an appeal, so that the decree which it is proposed to modify or reverse is, in effect, the decree of the appellate court, the application for leave to file must be made to that court. Since the appellate court has jurisdiction to entertain an application for leave to file, it is its duty to consider it upon its merits, and neither the expiration of the term nor the carrying out of the mandate can relieve it of that duty.

The court below was clearly right in refusing to grant leave to file the bill, absent the consent of this court, and it is immaterial whether its refusal be placed upon the ground of a lack of jurisdiction or of a lack of the right to exercise jurisdiction. Since the only question before us is the propriety of the order appealed from, we refrain from expressing any opinion as to whether our order of May 18, 1931, was or was not a determination of the appellant's application upon its merits, or as to whether, under the circumstances, we still have the power to grant leave to file a bill of review in the court below.

The order appealed from is affirmed. The appellant has filed with this court another application for permission to file a bill of review. This application may be brought on for hearing upon reasonable notice to the appellee. The question of the power of this court to entertain such application and to grant the leave requested, as well as the question of the propriety of its doing so if it has such power, may then be argued and determined.