**ROYAL BANK OF CANADA, Plaintiff**

v.

**GEORGE SUAREZ, ANGENETTE SUAREZ, et al., Defendants**

Civil No. 1985/185

District Court of the Virgin Islands

Div. of St. Croix

January 24, 1986

BRIAN L. MASONY, ESQ., St. Croix, V.I., *for Royal Bank of Canada*

EDGAR D. ROSS, ESQ., St. Croix, V.I., *for Angenette Suarez*

TERRYLIN P. MEYERS, ESQ., Assistant Attorney General, St. Thomas, V.I., *for Employees Retirement System*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the motion of defendant Angenette Suarez to set aside as void a judgment entered in a foreclosure action. We are asked to decide whether the requirements of Fed. R. Civ. P. 4 are satisfied when process is served upon a defendant's former spouse. We hold they are not and vacate the entire judgment for the reasons cited herein.

## I. FACTS

George and Angenette Suarez, as a married couple, mortgaged their homestead to Royal Bank of Canada. In October 1979, the couple was divorced. The decree did not make any disposition of the homestead, and the now divorced couple became tenants in common as to the homestead, with each owning an undivided one-half interest. The decree was never recorded against the property. Shortly after the divorce, Angenette Suarez moved to the United States to continue her education, and made only sporadic visits to the Virgin Islands thereafter.

When payments on the mortgage fell seriously in arrears, and there appeared to be no attempts to improve on the payment performance, a foreclosure action was instituted in 1982 in Territorial Court. (Civil No. 1982/280.) A Territorial Court marshal was given a summons and complaint to serve on George Suarez, and another copy for service on Angenette Suarez. The marshal, aware that George Suarez was employed at the Department of Public Works on St. Croix, appeared there on May 12, 1982, and handed George Suarez not only his copy of the summons and complaint, but that intended to be served on Angenette Suarez as well. According to the marshal's testimony, he said "Give hers to

179

me and I'll see she gets it." The marshal was not aware of the divorce.

The marshal then filed a return of service which was sent to Royal Bank of Canada and made a part of the foreclosure file, indicating that he had personally served both of them. He conceded in testimony that this was a mistake and he should have noted that he had served Angenette Suarez "through George Suarez".

The Royal Bank of Canada, acting under the honest belief that it had obtained proper personal service on both George Suarez and Angenette Suarez, proceeded to obtain a default judgment against them, and a judgment of foreclosure against them and other defendants who had liens junior to the bank's mortgage. The property was sold to the bank at the foreclosure sale, and the bank then assigned its rights to Warrior Corporation, which received the deed and took possession of the property.

A hearing held on this matter on January 10, 1986, on motion of Angenette Suarez, demonstrated that she had no personal notice of the pendency of the foreclosure action, and knew nothing of the case until the property was sold. She seeks to have the judgment vacated and the sale voided on the basis that the judgment was void as against her, because of lack of personal service or actual notice. The basis for the motion is Fed. R. Civ. P. 60(b)(4).

## II. DISCUSSION

██ It is beyond dispute that before a court may invoke jurisdiction over a person, the due process requirement of notice must be fulfilled. E.g., Wuchter v. Pizzutti, 276 U.S. 13, 19 (1927). Fed. R. Civ. P. 4 codifies the notice requirement by mandating that notice of an action be served on the defendants. A judgment will be a nullity where service is defective and the defendant did not otherwise waive its right to notice. See e.g., Wuchter, supra. Thus, unless Angenette was properly served, we must vacate the judgment against her.

. Royal Bank claims that service upon George at work and George's promise to deliver the papers to Angenette satisfied the notice requirement.

We disagree. Rule 4 mandates that process be served upon the defendant in any of the following ways: delivering copies of the summons and complaint to the individual personally; leaving copies at his dwelling house or usual place of abode with some person of suitable age and discretion; delivering copies to an agent; in the

180

manner prescribed by a statute of the United States or the law of the state in which the district court is sitting, or by certified or registered mail.

Royal Bank can hardly argue with a straight face that any of these have been met. Personal service on George Suarez pursuant to Rule 4(c)(2)(C) is obviously not service on his ex-wife. See 4 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1095 (1969 and 1985 Supp.).

■■ Nor may Royal Bank claim that it properly effectuated a form of substituted service. While Rule 4(d)(1) authorizes a family member to accept process for another member, process must be served at their common abode. Royal Bank's service under this rule is deficient for two reasons. First, the parties were divorced and living separately. Under these circumstances, it is well established that service is improper when made upon a former spouse. Rosa v. Cantrell, 705 F.2d 1208, 1216 (10th Cir. 1982), cert. denied, 104 U.S. 85 (1983); Williams v. Capital Transit Co., 215 F.2d 487, 490–91 (D.C. App. 1954); 32 A.L.R.3d, Service—Usual Place of Abode, § 10 (1970 and 1985 Supp.).

Moreover, George was served with his wife's papers at work and not at home. Thus, the process server did not even attempt to follow the required procedure of Rule 4(d)(1). We hold that service did not comport with the requirements of Rule 4 and was, therefore, invalid.

■ Royal Bank argues further that the Suarez' joint liability on the debt somehow dispensed with the notice requirement. The law is clear, however, that Angenette's status as George's tenant in common is irrelevant. E.g., Hiram Walker Distributing Co. v. Giacone, 89 N.E.2d 748 (Ill. App. Ct. 1950).

■ Royal Bank also contends that service was unnecessary because Angenette had actual notice of the foreclosure action. Even if we accept this allegation as true we must still vacate the judgment because actual notice does not dispense with Angenette's due process rights. Williams, supra at 490.

■ Finally, Royal Bank of Canada argues that Angenette Suarez waited an unreasonable length of time to assert her claim that the judgment was void as against her. This has no merit. A judgment that is void for lack of due process may be attacked by the party against whom it was entered at any time. 7 Moore's Federal Practice 60.25[4].

## III. CONCLUSION

■ Due process requires that a defendant receive notice of a lawsuit and Rule 4 defines how notice must be given. We hold that personal service requires just that—service on the defendant. Consequently, the judgment is vacated. We vacate the entire judgment and not simply that portion of it involving Angenette Suarez because by declaring it void as against her, the balance becomes invalid as well. The judgment granted foreclosure and subsequent sale of the entire fee, and not just the tenancy in common of George Suarez. The sale of property was for the entire ownership interest of both George and Angenette Suarez. In view of our holding herein, such a sale was incorrect, and any conveyance from the marshal as a result would be in error. The proper procedure is to serve Angenette Suarez swiftly, and proceed to trial or disposition as scheduled on March 3, 1986.

## ORDER

THIS MATTER is before the Court upon the motion of defendant Angenette Suarez to set aside as void a judgment entered in the above-captioned matter. The Court having filed its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT Angenette Suarez' motion to set aside the judgment as void be, and the same is hereby GRANTED; and further

THAT the judgment of foreclosure dated January 28, 1983, entered by the Territorial Court herein before the matter was transferred to District Court is hereby VACATED.