TILGHMAN *v.* WERK *et al.*

(*Circuit Court, S. D. Ohio, W. D.* August 30, 1889.)

1. PRACTICE IN CIVIL CASES—NUNC PRO TUNC ORDER.
    An application by respondents for a *nunc pro tunc* order dismissing complainant's petition to vacate a decree made in 1878, and for a rehearing, the application being based on an alleged action or opinion taken or expressed by the circuit judge by whom the petition was heard in 1884, will be refused where there was no final decision or judgment rendered, and no official record on which to base such an order, and nothing but the recollection of witnesses as to what the judge said about the case when not presiding in the court where the cause was pending.

2. BILL OF REVIEW—GROUNDS.
    An application for a bill of review will not be granted where no actual fraud is set up, and the affidavits on which the application is based show that no fraud in fact was practiced in obtaining the decree, and no error of law apparent on the face of the decree is either set up or relied on.

3. SAME—NEW MATTER.
    A change by the supreme court of its ruling on a question of law and fact does not constitute such new matter as will sustain a bill of review to vacate a decree of the circuit court pronounced before such change was made.

4. SAME.
    Neither will a bill of review be granted because the case was decided in the absence of counsel, where the means of knowledge as to the time of hearing was within reach of counsel, and no effort was made to deceive him by the opposite party, though the petitioner may have been misled by the negligence or misinformation received from his counsel, or of those to whom the counsel had intrusted the business.

5. SAME—LACHES.
    An application for a bill of review, made in 1889, on facts known by petitioners in 1881, comes too late, even if the facts constituted a good ground for relief.

In Equity. Application for leave to file bill of review.
*Francis T. Chambers* and *Perry & Jenny,* for plaintiff.
*Harmon, Colston, Goldsmith & Hoadly* and *Paxton & Warrington,* for defendants.

JACKSON, J. The motions made herein by complainant and respondents should each be severally denied.

1. The motion of respondents for a *nunc pro tunc* order dismissing the complainant's application or petition to vacate the decree herein of April 9, 1878, and for a rehearing of the cause, based upon the alleged action or opinion taken or expressed by the circuit judge at Knoxville, Tenn., on the 29th day of July, 1884, when said petition was heard by him, should be refused, because that action or opinion of the circuit judge never assumed the form of the final decision or judgment of this court, wherein the cause was pending, because there is no official record or memoranda of this court on which to base or rest the *nunc pro tunc* order now applied for, and because it would be contrary to sound policy and destructive of that certainty and conclusivenes which should attend judicial action to base judgments and decrees upon the recollection of witnesses as to what the judge of a court may have said about a case when not presiding in the court where such cause is pending. Judicial action should not rest upon a foundation so unstable and insecure. The circuit judge may, undoubtedly, by consent of parties, hear a cause outside of the particular district in which it is pending, but the opinion or view he may express on such a hearing does not rise to the dignity or assume the force of a judgment of the court wherein the case is pending until some official notice or communication of the judge's opinion or decision is made or transmitted to the proper officer of such court, whose duty and function it is to enter or preserve some record of all judicial action taken or had therein. A judge's opinion when and while absent from the court over which he presides, in respect to matter or questions therein pending for decision, however called forth or expressed, falls short of being the judgment of such court. Judicial action is reached when the judge's opinion is expressed in, or conveyed in some authoritative manner to, the court wherein the controverted matter is pending. No judicial action such as will warrant the entry or granting of a *nunc pro tunc* order dismissing complainant's petition is shown in the present case. Furthermore, the parol testimony leaves some doubt as to what were the precise views and opinions of the circuit judge in respect to complainant's petition. Under such circumstances the respondents' motion could not be properly allowed. It is accordingly denied, with costs.

2. The complainant's petition filed July 27, 1881, to vacate the decree of April 9, 1878, and for a rehearing of the cause, should now be dismissed. This petition cannot be treated or regarded as an original bill in the nature of a bill of review, which lies only for fraud; and such fraud, as has been said by very eminent judicial authority in an English case, must be actual and positive, showing a *mala mens*,—a meditated and intentional contrivance to keep the opposite party and the court in ignorance of the real facts of the case, and thus obtain the decree. *Patch* v. *Ward*, L. R. 3 Ch. 203. No such fraud is set up or relied upon, and the affidavits in support of and against the petition clearly establish that no fraud in fact was practiced by respondents or their counsel in procuring said decree. Neither can this petition be treated as a bill of review to correct errors of law apparent on the face of said decree of April

9, 1878. No error of law apparent on the face of the decree or the record is either set up or relied upon in said petition. The petition to vacate said decree is filed after the term at which it was rendered, more than two years after the rendition of the decree. It is clear that the court has no authority or jurisdiction to set aside or vacate a decree under such circumstances and grant a rehearing, except for good cause shown, and in the absence of negligence on the part of the petitioners. The matters *dehors* the record which are relied upon as grounds for vacating the decree are—*First*, that there was an agreement or understanding between complainant's counsel and counsel for respondents that this suit should stand suspended and undisposed of until the suit of *Tilghman* v. *Proctor* (102 U. S. 707) should be decided by the supreme court of the United States, and that this understanding was without the knowledge and consent of complainant and his counsel, disregarded or ignored in taking said decree; and, *secondly*, that the decree of April 9, 1878, sought to be vacated, was based upon the decision of the supreme court of the United States in case of *Mitchell* v. *Tilghman*, 19 Wall. 287, holding the complainant's patent to be invalid, and that subsequently, in the case of *Tilghman* v. *Proctor*, the supreme court had changed its ruling on said patent, holding the same to be valid, and that the decision in *Mitchell* v. *Tilghman* was erroneous, etc. This last decision or holding of the supreme court, it is claimed for petitioner, constitutes new matter *in pais* occurring since the decree, and furnished a good ground for sustaining the petition as a bill of review. While the suits against respondents and against Proctor and Gamble were founded upon the same patent, it is not alleged in the petition that they had any connection with each other; they were separate and independent suits. Their only connection with each other rested in and upon the alleged agreement or understanding of counsel that *Tilghman* v. *Werk* should await the result of *Tilghman* v. *Proctor*. While the decision of the supreme court in *Mitchell* v. *Tilghman* may have been the real ground on which this court based its decree of April 9, 1878, that fact does not appear upon the face of the decree, and the question is presented whether a change of its ruling or decision by the supreme court on a question of law or fact, or upon a mixed question of law and fact, constitutes such new matter as will sustain a bill of review to vacate decrees of the circuit court pronounced before such change was made. We think, upon principle and authority, this proposition cannot be maintained. The cases cited and relied on by counsel for complainant do not, in our opinion, sustain his contention. Such a rule would prolong litigation greatly, and render judicial decisions unstable in the highest degree. The weight of authority, as shown in the cases cited by counsel for respondents, is against this position of complainant's counsel. As to the alleged agreement to suspend action in this suit until the case of *Tilghman* v. *Proctor* could or should be decided in the supreme court, the evidence introduced in support of and against said petition not only fails to establish such an understanding or agreement, but tends strongly to show affirmatively that no such agreement was made or concluded between counsel for the respective parties. The cor-

respondence between those counsel, commencing with the letter of Judge Coffin to Mr. George Harding, of date January 23, 1877, and including the letters of March 25 and 27, 1878, are inconsistent, and irreconcilable with the existence of the agreement alleged. If the counsel for complainant failed to receive or to be advised of the letters written him by counsel for respondents under date of March 30, 1878, and April 3, 1878, it was the fault or neglect of those he left in charge of his office and business. The letter of March 30, 1878, from Coffin, counsel for respondents, expressly declined to stipulate for any postponement of action in or suspension of this suit, as proposed by Harding, and the letter of April 3, 1878, notified him as to the day and date when respondents' counsel would take action, and move the court to dismiss complainant's bill. The alleged agreement is said to have been first made in 1874. Subsequently to that this court granted respondents' application for a rehearing, and the petition admits that in 1877 complainant and his counsel knew that such rehearing had been granted. It is the duty of litigants to be in court, either in person or by attorney, when their cases are called, and to see that proper steps are taken for the protection of their rights. It is no ground for a bill of review that a case is taken up and decided in the absence of counsel. It was so decided in *Quarrier* v. *Carter*, 4 Hen. & M. 242, and *Wiser* v. *Blachly*, 2 Johns. Ch. 490. The means of knowledge as to the steps being taken in the suit were within easy reach of complainant and his counsel. No effort was made or device resorted to on the part of respondents and their counsel to conceal the action of the court, or to keep the other side in ignorance thereof. The proposition that complainant may rely for relief upon the negligence of or misinformation received from his counsel, or of those to whom such counsel has intrusted the care and attention to his professional business, is not sound, and is not supported by authority. Petitioner has not in and by his petition shown that proper diligence was exercised to secure or preserve his remedy by appeal, and, aside from the evidence introduced, it is exceedingly doubtful whether the allegations of his petition are sufficient upon their face to sustain the same or entitle him to the relief sought. But, for the reasons above stated, his petition should not be granted. It is accordingly dismissed, with costs.

3. The application of complainant, made April 11, 1889, for leave to file bill of review herein should be refused. The only new or additional matter presented in the bill of review now asked to be filed is the alleged connection of respondent Werk with the suit against Proctor and Gamble. It is alleged that said Werk and his counsel, Collier, instigated that suit, or rather Proctor and Gamble's infringement of complainant's patent and the denial of his rights, and indemnified them in resisting complainant's claims. The affidavits of Werk and Collier, the parties implicated in said charge, fully met and explained the same, and show that the allegation is not well founded. But, aside from that, this connection of Werk and Collier with the Proctor and Gamble suit, and the defense thereof, was known to complainant as early as 1881. It is now too late for him to rely upon that alleged fact. He is repelled by his laches from invok-

ing any relief on that ground, even if it were otherwise a good ground. All other matters set out in the bill of review now sought to be filed are the same as those presented in and by the petition filed in 1881, and already noticed and disposed of. Leave to file said bill of review is accordingly denied, with costs of the motion.