## In re DAVIS.

### (District Court, S. D. New York. December 24, 1901.)

**1. Bankruptcy—Recovery of Goods Sold to Bankrupt—False Representations.**

In support of a claim for the recovery of goods from the trustee of a bankrupt on the ground that they were obtained by false representations the seller testified that the bankrupt represented that he had two dollars of assets for every dollar he owed, but such statement was denied by the bankrupt. It was admitted that he had been a purchaser of goods from the seller on credit for a number of years, and that his indebtedness to the seller at the time of the last purchase was smaller than it had been for years, and the seller testified that he might have sold the goods if the representations claimed had not been made. *Held,* that such evidence was not sufficient to sustain the burden resting on the claimant to establish the fraudulent representations by strict proof, and that he relied thereon, both of which were necessary to entitle him to a rescission of the contract.

**2. Same—Failure to Disclose Insolvency.**

The failure of a purchaser of goods to disclose his insolvency to the seller, although he may have known of it, does not constitute fraud which entitles the seller to recover the goods from the purchaser's trustee in bankruptcy.

In Bankruptcy. On motion to confirm report of referee allowing a recovery of goods sold the bankrupt on the ground that they were obtained by false representations.

Frederick W. Sherman, for petitioner.

Jerome A. Peck, for trustee.

ADAMS, District Judge. The bankrupt in this case, on the 11th day of February, 1901, purchased some goods from Billings, King & Co., a domestic corporation. On the 5th day of March, 1901, he filed his petition in bankruptcy. The vendors subsequently petitioned for a return of the goods, which were identified in the possession of the trustee, upon the allegations:

"That on or about the 15th day of February, 1901, at the city of New York, in order to induce your petitioner to sell to him the goods hereinafter mentioned, said James W. Davis, said bankrupt, falsely and fraudulently represented to your petitioner, through its selling agent, that he, said Davis, said bankrupt, was worth and owned two dollars in assets for every dollar of his indebtedness, whereas he was then insolvent, as he then well knew; that, induced solely by said representations, and believing them to be true, your petitioner, through its said selling agent, agreed to sell to the said Davis, said bankrupt, upon credit, and on said day delivered to him, the following goods, of the value of $155."

The matter was referred to the referee in the proceedings, as special commissioner, to take proof, and report the same to the court, with his opinion thereon. The referee has reported that the goods were obtained by false representations, and that the claimant is entitled to recover them back. The claimant produced as a witness Mr. King, the president and treasurer of the corporation, who testified, in substance, that the bankrupt had been dealing with his company for a number of years on a running account; that on the 11th day of February some conversation took place between him and the

bankrupt relative to a renewal of a note of the latter coming due on the 15th of February; that the renewal was arranged by the payment by the bankrupt of half the amount, and an agreement for the extention of the time of the payment of the remainder; that, before a new note was given, the bankrupt said he was going to want more goods, would send an order in a few days, and give one note for the whole amount; that Mr. King asked him how he stood, to which he replied that he had two dollars for every one he owed; that on the strength of the statement Mr. King accepted a note covering $155 worth of goods, which were subsequently delivered, and are the goods in question. The bankrupt was then called, and he explicitly denied the statement of Mr. King with respect to his having said that he had two dollars for every one that he owed. He further said there was some conversation between them in which he gave Mr. King information regarding his business; that, as a matter of fact, he was then expecting to obtain a loan, upon which he relied, but not wholly, to get out of difficulties, which he did not communicate to Mr. King; that for a number of years he had had a large line of credit with the claimant, and the indebtedness in February, including that covering these goods, was the smallest that had existed for years; that Mr. King had himself suggested giving the order at the time for the goods, so as to bring it within an existing contract expiring in March, by which a rebate would be secured. Mr. King was then recalled, and, upon his attention being directed to the bankrupt's denial of his (Mr. King's) testimony concerning the two dollars for every one statement, said he was positive that such a statement had been made, but did not testify that he would not have extended the credit without the statement. He said: "I don't know but what I would have extended it." He admitted the existence of a contract similar to the one mentioned, and confirmed the bankrupt's testimony with respect to the extent of previous credit. It is upon the testimony, of which the foregoing is a synopsis, that the learned referee came to a decision in favor of the claimant. Referring to the loan which the bankrupt expected to obtain, he said:

"If Mr. Davis had disclosed his actual condition when called upon to do so, it is safe to assume that the new credit would not have been given. In the circumstances, his suppressio veri was a suggestio falsi."

Apart from the suppression of the fact concerning the expected loan, it can scarcely be held that the testimony satisfies the burden of proof which the affirmative of the issue imposed upon the claimant, especially in a case of alleged fraud, requiring strict proof. Smith v. Gunn (Sup.) 12 N. Y. Supp. 808, 809; Stevens v. Trask (Com. Pl.) 18 N. Y. Supp. 117, 118; Griffiths v. Hardenbergh, 41 N. Y. 464, 471. The weight of evidence is rather in favor of the trustee's contention that the transaction was an ordinary one of new credit to an old customer. There is no satisfactory proof of either an intention to deceive on the part of the bankrupt or a reliance by the claimant upon false statements leading to a parting with the goods, which would be the necessary basis for the claimant's success here. Oberlander v. Spiess, 45 N. Y. 175; Taylor v. Guest,

58 N. Y. 262. The expectation of obtaining a loan, or even the absolute necessity for it, showed, at the most, a known condition of insolvency at the time of the purchase; and the failure of the bankrupt to disclose such condition to the claimant cannot be regarded as fraudulent. The law, having in view the ordinary conduct of business affairs, draws a distinction in matters of this kind between withholding information and making false statements for the purposes of deceit. Nichols v. Pinner, 18 N. Y. 295; Morris v. Talcott, 96 N. Y. 100; Hotchkin v. Bank, 127 N. Y. 329, 27 N. E. 1050; Rothmiller v. Stein, 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148.

The motion to confirm the report is denied, and an order will be entered sustaining the trustee's title to the goods.