### In re T. A. McINTYRE & CO.

(Circuit Court of Appeals, Second Circuit. August 11, 1910.)

No. 291.

1. TRUSTS (§ 358*)—CONVERSION BY TRUSTEE—SUBSEQUENT REPLACEMENT OF MONEY.

Where a trustee has drawn out of a deposit moneys which belonged to several different persons, and thereafter makes a deposit to the same account, the deposit will be considered as a general restoration, in which all the defrauded cestuis que trust will share ratably.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 523, 553; Dec. Dig. § 358.*]

2. BANKRUPTCY (§ 155*)—OWNERSHIP OF PROPERTY PLEDGED—RECOVERY.

Bankrupts, who were stockbrokers holding stock for a customer, used the stock as their own, pledging the same, with other stock, for loans. When they failed, there were 95 shares of the kind of stock so purchased among collateral deposited with the C. Bank, 10 shares were pledged on another loan, and there were 2 shares in the bankrupts' vault. They owed to their customers 1,651 shares of that variety of stock, and there was no identification of the 95 shares, or any of them, as those bought for a particular customer. *Held*, that the customer for whom 200 shares were purchased could not recover the certificates so pledged, under the rule that persons whose stock has been so used cannot establish title to specific certificates of the stock found after bankruptcy pledged as collateral to a loan, unless they can identify the certificates as representing the shares which the bankrupt took from them.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 155.*]

Petitions to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of T. A. McIntyre & Co. Petition by Mary D. Grace and others to review an order of the District Court for the Southern District of New York in disposing of their claims to certain pledged securities. Order affirmed.

See, also, 174 Fed. 627, 98 C. C. A. 381; 176 Fed. 552, 100 C. C. A. 140; 181 Fed. 955.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wm. J. Grace, for petitioner Grace.

Moore, Bleecker & Wheeler (C. M. Bleecker, of counsel), for petitioner Ingersoll.

Esselstyn & Haughwort, for petitioner Talbot.

Nathan Burkan, for petitioner Dippel.

Wm. H. Van Steenbergh, for petitioner Von Frantzius Co.

Irving L. Ernst and D. Raymond Cobb, for respondent trustees.

B. B. Aylesworth, for respondent Bradley.

W. A. Mackenzie for claimants C. C. Bradley & Son.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge.    This is another group of controversies growing out of the bankruptcy of T. A. McIntyre & Co., referred to in two other opinions handed down to-day, Burlingham v. Crouse, 181 Fed. 479, and Petition of Pippey, 181 Fed. 955. The firm on April 22, 1908, two days before bankruptcy, effected a loan of $200,-000 from the National Bank of Commerce, giving as collateral therefor certain securities, some of which belonged to their customers. On April 23d some substitutions of securities were made. On the day of the failure the bankrupts had in the same bank a balance to their credit on ordinary deposit and check account of $11,924.83. The bank applied this balance toward payment of the loan, and proceeded from time to time to sell some of the collateral securities, applying the proceeds in the same way. On May 6, 1908, the loan was fully paid, and the bank held a balance of $32,177.92 in cash and some bonds and stocks, all of which were turned over to the trustees in bankruptcy. Various persons presented claims against this fund.

We agree with the District Judge that it will serve no useful purpose to discuss the details of the several claims. The report of the master is voluminous and exhaustive. His discussion of the legal questions presented is most careful, and presents a very full citation of authorities. A brief statement of the separate questions which have been presented on this argument will be sufficient. The bankrupts disposed of securities which belonged to several of their customers, and deposited the proceeds in one of their general bank accounts. Their drawings exhausted their own funds therein, and also such proceeds. Subsequently deposits were made, and at the time of failure there was over $11,924.83 balance in bankrupt's favor. The proposition presented is this: When a trustee has drawn out moneys which belonged to several different persons, and thereafter makes a deposit, shall such deposit be considered as a general restoration, in which all the defrauded cestuis que trust will share ratably, or is it to be treated as making good so far as it will go the separate amounts converted from each in the order in which they were abstracted? We concur with the special master and the District Judge in the conclusion that it is to be assumed the defaulter intended whatever repayment he made to apply on the entire default, and did not intend to prefer the person whose money he first abstracted, by first making him whole at the expense of all the others.

Bankrupts bought 200 shares of a certain stock for a customer. They did not keep this stock, but used it as they would their own in

the general transaction of their business. They did the same with other customers who had bought like stock. When they failed there were 95 shares of this kind of stock among the Bank of Commerce collateral, 10 shares were pledged on another loan, and there were 2 shares in their vault. They owed their customers 1,651 shares of this variety of stock. We cannot find from the record any satisfactory identification of the 95 shares (or any of them) as being those bought for this particular customer, rather than those bought for some one else. He is not in the position of Pippey (see opinion filed to-day in Re McIntyre, 181 Fed. 955), and is not entitled to the certificates.

We also concur in the conclusion of the District Judge that persons whose stock has been used by a bankrupt for his own purposes cannot establish title to specific certificates of stock, found after bankruptcy as collateral to some loan, unless they identify those certificates as representing the shares which the bankrupt took from the claimant.

The order is affirmed.