In re BROWN et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 125.

BANKRUPTCY (§ 140*)—BROKERS—OWNERSHIP OF STOCKS.

Where a bankrupt firm of brokers converted stock purchased for a customer, other stock of the same kind, found in their possession after their bankruptcy, into which the proceeds of that converted are not traced, cannot be claimed by such customer, to the exclusion of general creditors, but is a part of the general assets.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 225; Dec. Dig. § 140.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of A. O. Brown and others, bankrupts. From an order of the District Court, James E. Gorman appeals. Affirmed.

This is an appeal from an order setting aside the report of the referee and special master, and dismissing petitioner's application to have 250 shares of Greene Cananea Copper Company stock delivered to him. The bankrupt bought 250 shares of such stock for him, on April 14, 1908. in odd lots from various sellers and received certificates therefor. Gorman paid for the stock, but allowed the certificates to remain with bankrupts without being transferred to his name. Without his knowledge bankrupts by May 14, 1908. had taken all this stock and delivered it out in execution of contracts of their own with other parties. From that time down to their failure (August 24th) it does not appear what transactions they had in Greene Cananea stock. Upon their bankruptcy there was found in their safe 350 shares of the stock of that company, made up of different certificates. Petitioner claims that he is entitled to 250 shares thereof.

Robert Dunlap, James L. Coleman, and Thorndike Saunders, for appellant.

Ralph Wolf, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The precise point raised here was before us in Re McIntyre, Petitions of Grace, Talbot, and Others (opinion filed August 11, 1910) 181 Fed. 960. The special master's report on the Talbot claim will be found in 24 Am. Bankr. Rep. 20. Upon the appeal before us, attention was called to the circumstance that there was a division of opinion in the District Court; Judge Hand having decided one way in Re A. O. Brown & Co., 171 Fed. 254, and Judge Hough the other way in the case then before us. Counsel for

Talbot presented an exhaustive brief of 34 pages, citing substantially all the authorities to which we are now referred, and supporting his appeal by the same line of reasoning. We sustained Judge Hough, and see no reason for reopening the question settled by that decision.

The order is affirmed, with costs.