FIRST NATIONAL BANK OF PRINCETON, ILLINOIS *v.* LITTLEFIELD, TRUSTEE.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 572.  Submitted November 4, 1912.—Decided December 2, 1912.

The settled rule is that the concurrent action of two courts below upon questions of fact will not be disturbed except in case of manifest error.

In this case appellant being claimant below had the burden of proof, and this court will not reverse the finding of both courts that the burden was not sustained.

193 Fed. Rep. 24, affirmed.

THE facts are stated in the opinion.

*Mr. Thorndike Saunders* for appellants.

*Mr. Daniel P. Hays* for appellee.

Memorandum opinion, by direction of the court, by MR. CHIEF JUSTICE WHITE.

Albert O. Brown and others, members of a firm known as A. O. Brown & Company, stock brokers in New York City, were adjudicated bankrupts. The First National Bank of Princeton and four other claimants petitioned to have the receiver in bankruptcy return certain sums of money to which they asserted ownership, because the amounts claimed had been sent to the firm to buy shares of stock for account of the claimants and the stock had never been delivered to them. The special master to whom the matter was referred reported in favor of the claimants. The District Court, however, disapproved the conclusion of the master and rejected the claims. The Circuit Court of Appeals reversed. 175 Fed. Rep. 769. It was held that as the stock bought with the moneys of the claimants and for their account belonged to them they were entitled as owners, the stock having been wrongfully converted by the bankrupts, to take out of the bankrupt estate so much of the avails of their wrongfully converted stock as they might be able to trace into the hands of the receiver. Upon amended pleadings a further hearing was had before the special master, who reported against the claimants because it was found as a matter of fact that there was a failure to trace any of the proceeds of the converted

stock into the hands of the receiver. The report of the master was confirmed by the District Court (189 Fed. Rep. 432, 437), and the action of that court was in all respects affirmed by the Circuit Court of Appeals (193 Fed. Rep. 24). This appeal was then taken, and the claim of the Princeton Bank has been specially presented, under an agreement that the decision as to that claim will govern as to the others.

All the contentions relied upon in various forms simply assert that the master and the two courts erred in their appreciation of the facts. But the burden of proof was upon the claimant to establish its ownership of the fund, a burden which it cannot in reason be said was sustained in view of the concurrent adverse action of the master and the courts below. Indeed as the settled rule is that the concurrent action of two courts upon questions of fact will not be disturbed except in a case of manifest error, a condition which we are of the opinion after an examination of the record does not here obtain, it follows that the judgment below must be and it is

                                            *Affirmed.*