## In re BROWN et al.

(District Court, S. D. New York. December 3, 1913.)

1. EQUITY (§ 454*)—BILL OF REVIEW—LEAVE TO FILE.
   ·A bill of review may be filed to correct errors apparent on the face of the record, without leave.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 1110; Dec. Dig. § 454.*]

2. EQUITY (§ 446*)—BILL OF REVIEW—"ERROR OF LAW."
   An error of law apparent on the face of the record sufficient to sustain a bill of review is a misconception by the court of what the rule is which will eventually be enforced by the court having the final word.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1079–1090; Dec. Dig. § 446.*
   For other definitions, see Words and Phrases, vol. 3, p. 2460; vol. 8, p. 7653.]

3. EQUITY (§ 452*)—BILL OF REVIEW—TIME.
   Where a bill of review was not filed until long after the time within which complainants might have appealed from the order sought to be reviewed, it could be sustained only on the theory that the case was out of the jurisdiction of the court, in which the bill was filed, so much of the time that there had not been six months during which the court could have entertained the bill.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1101–1109; Dec. Dig. § 452.*]

4. EQUITY (§ 445*)—BILL OF REVIEW—ISSUES.
   Where complainants filed a claim in bankruptcy proceedings for the proceeds of certain securities, and, on being denied, removed the whole claim to the Circuit Court of Appeals, and the assignments of error were sufficient to cover a particular question which was not presented or argued there, such question could not be made the basis of a subsequent bill of review.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. § 1078; Dec. Dig. § 445.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Albert O. Brown and others. Application by Samuel C. Scotten and Scotten & Snydacker for leave to file a bill of review. Denied.

Order affirmed in 213 Fed. 705.

Hays, Hershfield & Wolf, of New York City, for appellants.
Thorndike Saunders, of New York City, for appellee.

HAND, District Judge. [1] So far as the order granting leave is concerned, it was not necessary, because the complainant in the bill for review could have filed the bill without any order, if it be a bill of review for errors apparent on the record (Ricker v. Powell, 100 U. S. 104, 109, 25 L. Ed. 527; Davis v. Speiden, 104 U. S. 83, 26 L. Ed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

660); the rule goes back to Lord Burke's ordinances. That it is only a bill of review for error apparent on the record appears from Tilghman v. Werk (C. C.) 39 Fed. 680, a decision by Mr. Justice (then Judge) Jackson, who was exceptionally learned in matters of equity procedure. Indeed, the only theory upon which the bill can stand is that the law was misconceived by this court when it signed the order; the fact that this court was then controlled by an authoritative decision of the Circuit Court of Appeals does not change the result.

[2] An error of law is a misconception of what the rule is which will eventually be enforced by the court having the final word. No new fact is now suggested which could have been originally pleaded properly.

This is enough to dispose of the order; but as the question has been thoroughly argued in other respects, and as the decision of the bill of review will be inevitably referred to me, I think it will be the quickest to state my judgment more at large as to the validity of the bill itself on the merits, especially as it seems to me to have some fatal defects which inevitably make it bad.

[3] The time within which an appeal might be taken from the original order is long since passed, and the only theory upon which the complainants can meet the usual rule which limits the time to file such a bill (Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. Ed. 287), is that the case was out of the jurisdiction of this court so much of that time that there have not been six months during which the court could have entertained the bill (Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643, 27 L. Ed. 732). That case was one in which the appeal was dismissed under circumstances which were held to excuse the appellant. There is no case which I have found where the appellant, who has actually procured the hearing on the merits of one appeal, has been allowed afterwards to take another. However, even if such a bill to review might in some cases be good, it is quite apparent that there would be no equity in permitting it here in view of all the facts, for the following reasons: When the complainants appealed from so much of the order as dismissed these two petitions, they removed the whole proceedings into the Circuit Court of Appeals.

[4] The scope of the review by the Circuit Court of Appeals was limited, however, by the assignment of errors. Now the assignment of errors either included the question now raised, or it did not. If it did include the questions now raised, the Circuit Court of Appeals passed upon them, and, for obvious reasons under the authorities, no bill of review in this court lies (Southard v. Russell, 16 How. 547, 570, 14 L. Ed. 1052; Kimberly v. Arms [C. C.] 40 Fed. 548), at least without leave of the Appellate Court. If, on the other hand, the assignment of errors did not cover the case, it was because the complainants here chose to leave that feature of the order of this court unassailed. If they did, there is no room for the application of the rule in Ensminger v. Powers, supra, for there the appeal attempted to raise the point. Not only might they have originally added an assignment of error upon that point, but they might also have amended their

assignment of errors in the Circuit Court of Appeals to include it, or even, if "a plain error," they might have urged it under rule 11 of the rules of the Circuit Court of Appeals (150 Fed. xxvii, 79 C. C. A. xxvii) without assignment. Nor may they say that they were not aware of the point, for their counsel successfully raised the same point in Gorman's Appeal, 184 Fed. 454, 106 C. C. A. 536, in this very proceeding, the decision in which is the cause of this application. Indeed, in this very case the seventh exception to the master's report challenged the rule of law laid down in the case of Re McIntyre, Ex parte Grace, 181 Fed. 960, 104 C. C. A. 424, which required the particular certificate to be traced, thus showing that at one period this question was raised. The eighth and ninth exceptions to the master's report raised the same question.

The result, therefore, of allowing this bill of review (assuming that the Circuit Court of Appeals had jurisdiction to pass on the point) would be to permit them to split up their appeal, raising some questions, and reserving the rest. There is really no reason why this should not go on for several separate appeals until the aggregate of the separated periods during which this court had jurisdiction of the case amounted to six months. Such a result certainly would be a very pernicious precedent, and would put a premium upon delay. Assuming that the complainants failed to assign the error now complained of, I decide they chose to waive it, and that they may not now by an independent proceeding take it up.

It is true they felt bound by the decision of the Circuit Court of Appeals, but an appeal to the Supreme Court was as open to them in this case, as it was in Gorman's. If they had no appeal to the Supreme Court, there would be much more force in their contention if made before the Circuit Court of Appeals, for they were entitled to assume that the Circuit Court of Appeals would have followed its own decision. That they knew of the possibility of such an appeal Gorman's Case shows, and they must be held definitely to have waived it when they took no steps to press the point. Two courses were open to them: To save the point by assignment, or to procure a stipulation which would cover it in case the Supreme Court reversed Gorman's Case.

All the preceding assumes that the point was reserved from the consideration of the Circuit Court of Appeals, but the record shows the contrary. The two petitions themselves did not claim any securities in specie; they contained no allegation that any such securities were in existence and no prayer for their delivery. They only asserted some right in the proceeds arising from their sale. However, the seventh, eighth, and ninth exceptions to the master's report are broader, and perhaps it is fair to say that they raised the question, in so far as mere exceptions which depart from the pleading can do so. The assignment of errors, especially the first, second, and third, covered every possible theory upon which the recovery might have been given, including anything suggested by these exceptions. In these assignments it was alleged an error to have dismissed the petitions (which included any possible relief under them), and also to have held

that the appellants had no rights "in specie," or in the "properties," .as well as in the cash surplus in the hands of the receiver. Such assignments certainly covered any possible claim which the petitions could be stretched to cover by the help of the exceptions and show that the point was raised in the Circuit. Court of Appeals which is now sought to be raised by this bill of review; i. e., whether the petitioners had not shown themselves entitled to some specific shares of stock in the hands of the receiver. Hence the petitioners presented to the Circuit Court of Appeals the very point now raised, and this court should not review it. If, on the other hand, the petitions are to be read without the exceptions, there was never any claim for the .specific securities and no ground for the recovery at all.

Finally it is at least a question whether the unexpected ruling of a ·court is ground for a bill of review. Thus in Hoffman v. Knox, 50 Fed. 484, the Circuit Court made its own ruling upon the constitutionality under the state Constitution of a state statute. Later the state court held differently in another case, a decision which is usually as absolutely conclusive as a ruling of the Supreme Court itself. The Court of Appeals for the Sixth Circuit, Chief Justice Fuller presiding, held that such a ruling did not constitute error apparent on the record. It must be conceded, however, that it is not certain that the ground of decision was not in part due to the unwillingness of the court, as matter of substantive law, to make the state decision apply as ex post facto. In Tilghman v. Werk (C. C.) 39 Fed. 680, Judge Jackson declined to regard a change in the decision of the Supreme Court as the ground for a bill on newly discovered evidence; whether he might have held it good as error apparent of the record does not appear.

My conclusion, therefore, is that, if the bill is filed, it would be a subject to be dismissed on motion as being invalid in law on its face.

The motion for leave is denied on the ground that it is unnecessary.