KNAUTH, NACHOD & KUHNE v. LOVELL et al.

(District Court, N. D. Alabama.   January 10, 1914.)

**1. BANKRUPTCY (§ 302*)—RECOVERY OF PROPERTY FROM TRUSTEE—BILL.**

Complainants sued a bankrupt's trustee to recover the proceeds of certain cotton, alleging that complainants had parted with their money in New York for certain foreign bills of exchange with forged bills of lading attached; that the bankrupts had deposited the bills of exchange in their local bank; that, on delivery thereof to the local bank, drafts were drawn by the bankrupts on their foreign broker and deposited with such local bank or other depositaries, and by it or them placed to the credit of the bankrupts; that these banks held ample collateral to insure redemption of the approximate drafts in case of dishonor by nonacceptance or nonpayment; that on receiving the money from complainants for the foreign bills the broker took up the approximate drafts with complainants' funds; that the foreign bills were accounted for and the proceeds thereof returned to the bankrupts and deposited by them with other money of their own in the local bank; and that such bank credit or trust fund was expended for certain cotton, etc. *Held*, that such allegations were consistent with the idea that the drafts were deposited for collection and the proceeds credited to the bankrupts in advance of actual collection, but with the right to charge back, if uncollected, and did not allege that the drafts were discounted by the local banks.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

**2. BANKRUPTCY (§ 140*)—OWNERSHIP OF PROPERTY—TRUST FUND.**

In order that complainants may follow a trust fund into the hands of a bankrupt's trustee and recover same, it is insufficient to show that the money of which complainants were defrauded by the bankrupts went in a general way to swell the bankrupts' entire estate which came into the hands of the trustee, but complainants are bound to actually trace their money to the trustee's possession or show that it went into or to pay for property of which the trustee acquired possession from the bankrupts, either by proof that it went into and remained in the fund which came to the trustee, and that the fund was never in amount below that claimed from the time it became a part thereof until bankruptcy, or by showing that the money was wholly or partially used to purchase property susceptible of identification as having been purchased with complainants' money and which came into the hands of the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

In Equity.   Suit by Knauth, Nachod & Kuhne against one Lovell, as trustee in bankruptcy of Knight, Yancey & Co.   On defendant's motion to dismiss the bill.   Motion treated as for more specific statement, and as so treated allowed.

Suit in equity to follow money obtained by false pretenses into assets acquired or claimed by a trustee in bankruptcy of Knight, Yancey & Co. Motion by the defendant trustee to dismiss the bill of complaint on objections in point of law contained in the answer.   The bill of complaint sets forth that the complainants parted with their money in New York for certain foreign bills of exchange in foreign money with forged bills of lading attached; that the bankrupts had deposited said foreign bills of exchange in their local bank; that, "on the delivery" thereof to said local bank, drafts "were drawn by the said Knight, Yancey & Co. upon said F. Van Gerpen, their agent or broker, or upon other drawees, for the approximate amount thereof in money of the United States, and deposited with said bank or other

depositaries and by it or them placed to the credit of the said firm, the said bank or other depositaries holding collateral security ample to insure the redemption of said approximate drafts in case of dishonor by nonacceptance or nonpayment"; that, on receiving the money of the complainants, for said foreign bills of exchange with forged bills of lading attached, said broker took up said approximate drafts with said money of complainants; that said foreign bills of exchange "were all accounted for and the proceeds thereof remitted to Knight, Yancey & Co. and deposited by them with other money of their own" in said local bank; and that said "bank credit or trust fund was expended * * * for certain cotton."

Percy, Benners & Burr, of Birmingham, Ala., for the motion.
Cabaniss & Bowie, of Birmingham, Ala., opposed.

GRUBB, District Judge (after stating the facts as above). Two grounds of the motion only were insisted upon by the trustee:

[1] 1. That the money, of which plaintiffs were defrauded, did not pass into the hands of the bankrupt, but went to reimburse a bank or banks at Decatur, which had discounted the drafts of the bankrupts on one Van Gerpen. I do not think that the averments of the bill show that the drafts were discounted by the Decatur banks. The averments are consistent with the idea that they were deposited for collection and the proceeds credited to the bankrupts in advance of actual collection, but with the right to charge back, if uncollected. Richardson v. Louisville Banking Co., 94 Fed. 442, 36 C. C. A. 307. For this reason the grounds of the motion, predicated on this idea, are overruled.

2. The other ground insisted on is that the averments do not show at all or with the requisite certainty into what, if any, assets of the bankrupts that came into the hands of the trustee, the money of which plaintiff was defrauded went. I think this ground is well taken.

[2] I do not think the plaintiffs can fasten a charge upon all the assets of the bankrupts that came into the hands of the trustee, upon the ground that money of theirs, of which they were defrauded by the bankrupts, went, in a general way, to swell the entire estate of the bankrupts which came to the trustee, without actually tracing their money to the trustee's possession, or showing that it went into or to pay for property of which the trustee acquired possession from the bankrupts. Board of Commissioners v. Strawn, 157 Fed. 49, 84 C. C. A. 553, 15 L. R. A. (N. S.) 1100; In re Brown, 193 Fed. 24, 30, 113 C. C. A. 348, affirmed First National Bank v. Littlefield, 226 U. S. 110, 33 Sup. Ct. 78, 57 L. Ed. 145.

This may be done either by showing that it went into and remained in a fund, which came to the trustee and that the fund was never, in amount, below the amount claimed from the time it became a part thereof until bankruptcy; or by showing that the money, sought to be fastened with the trust, was wholly or partly used to purchase property, which is susceptible of identification, as having been purchased with plaintiffs' money and which came into the hands of the trustee.

It is not sufficient for the plaintiffs to show that such property was purchased from a fund, which once contained plaintiffs' money, without showing also that plaintiffs' money wholly or partly was used in paying for it. The burden is on the plaintiffs to point out the specific prop-

erty and trace the plaintiffs' money into the purchase money of it. It does not suffice to show that it went into some of the bankrupts' property that came into the possession of the trustee without pointing out what it is. It is not sufficient to aver that it went into the assets generally or, what amounts to the same thing, specify separately the entire assets, in the possession of the trustee, as those into which it is claimed to have gone. The bill, it seems to me, may aver more than one item of property in the alternative, to allow for a possible failure of proof, if one alone were relied upon; but it must point the specific property into which the money is to be traced, and the proof must show that it went to purchase that property.

The case of Gorman v. Littlefield, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047, is distinguished from this case. In that case, the stock was the property of the claimant, in the possession of the bankrupt as bailee. The court held that the bankrupt was only required to have in his possession at all times stock of like kind and amount, that it was his duty to do this much, and if at any time he had no stock of like kind and amount it was his duty and he could replace stock that he had disposed of, which had not belonged to him, but to his customer, with like stock in kind and amount, and that the substituted stock then became his customer's in lieu of that used or converted by him.

In this case, the plaintiffs' moneys became the bankrupts' on receipt of them, subject to divestiture, upon rescission of the fraudulent transaction by the plaintiffs. Upon rescission the money again became plaintiffs', which they could reclaim only if they could then trace it into the bankrupts' possession or into that of their trustee. This could be done, according to the authorities cited, only in one or the other of the two ways specified. That the case of Gorman v. Littlefield does not conflict with the cases of Board of Commissioners v. Strawn and In re Brown appears from the fact that the latter case was affirmed by the Supreme Court in First National Bank v. Littlefield, 226 U. S. 110, 33 Sup. Ct. 78, 57 L. Ed. 145.

It seems to me that the defendant is entitled to have the plaintiffs state their case with more certainty in the respects mentioned, rather than that the bill should be dismissed.

The third prayer of the bill seems to me to plainly show its insufficiency in the respects mentioned.

Treating the defendant's motion as a motion to require a fuller and more certain statement of plaintiffs' case, I will grant it, and enter an appropriate order for this relief when presented to me, after being agreed upon by counsel.