## In re A. O. BROWN & CO.

(Circuit Court of Appeals, Second Circuit.  March 10, 1914.)

### No. 205.

EQUITY (§ 445*)—BILL OF REVIEW—RIGHT TO RELIEF.

Complainants, in bankruptcy proceedings against their brokers, filed a claim for the proceeds of certain corporate stock, pledged by the brokers to a bank, which it had sold, and paid the balance to the bankrupts' receiver.  Complainants elected not to argue before the District Court the proposition that they had traced their stock into the shares pledged by the bank, though, many months before claimants' appeal from an adverse judgment was argued in the Circuit Court of Appeals, another case had been disposed of in the Circuit Court of Appeals on an appeal, and an appeal taken from the decision of that court to the United States Supreme Court by complainants' own counsel with reference to the question, on which the decision was reversed.  *Held*, that complainants were thereby barred of the right to present such claim by bill of review.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 1078; Dec. Dig. § 445.*]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order of the District Court, Southern District of New York, dismissing a bill of review filed by appellants August 4, 1913, to review a decree entered in this proceeding on April 20, 1911, which decree dismissed the reclamations of appellant.  The opinion of Judge Hand will be found in 213 Fed. 701.

Thorndike. Saunders, of New York City, for appellants.

Hays, Hershfield & Wolf, of New York City (Ralph Wolf, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge.  The facts presented on this appeal are as follows:

The firm of A. O. Brown & Co. being in bankruptcy, Scotten on February 13, 1909, filed a claim in reclamation to 100 shares Steel Common and 300 shares Great Northern Ore.  He averred ownership; that the securities were held by the bankrupts as security only for certain debit balances against petitioner; that the bankrupts sold part of the securities; and that the rest were sold by a bank with which the bankrupts had pledged them, whereby the bankrupts became unable to redeliver the securities to petitioner but that the proceeds came into the hands of the trustee in bankruptcy.  He prayed that the trustee be directed to pay to him the proceeds of the securities so sold. Scotten & Snydacker on the same day (February 13, 1909) filed a similar claim for the proceeds of 200 shares Steel Common and 85 shares Illinois Central.

These two claims, with several others, some of them represented by the same attorney who appeared for the two, including a claim of the First National Bank of Princeton, came before the referee acting

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

213 F.—45

as special master. After a report and rehearing upon the same he filed a second report, November 1, 1910, holding that in the Scotten Case the trustee was entitled to an order denying petitioner's claim in reclamation, without prejudice to a part of it, which concerned the 100 shares of Great Northern Ore stock, concerning which last-named stock no contention is now made here. In the case of Scotten & Snydacker he held that the trustee was entitled to an order denying claimant's petition in reclamation.

The report of the special master as to claims of First National Bank of Princeton, Simpson, Bullen, and these two claims of Scotten and Scotten & Snydacker came before the District Court for review and an order was entered April 20, 1911, confirming the special master's report "throughout." On June 29, 1911, the five last-named claimants appealed from that order to this court. The assignments alleged error, in the following particulars (among others):

(1) In dismissing the several petitions.

(2) In deciding that claimants' funds were not traced into or connected with the properties and money delivered by the Hanover National Bank to the receiver on September 5, 1908. It may be noted that it is the contention of these two claimants that 1,000 shares of Steel Common which the bankrupts pledged with the Hanover Bank as collateral to a loan, included their shares of steel, or a like number of shares which had been bought by the bankrupts to replace theirs.

(3) In omitting to decide that claimants' funds or some parts thereof had been traced into or connected with the securities deposited by bankrupts with the Hanover National Bank on August 24 and 25, 1908, and which either in specie or in surplus came into the hands of the receiver in bankruptcy.

(12) In omitting to determine that claimants' funds were a charge upon the mass of securities and moneys delivered by the Hanover National Bank to the receiver in bankruptcy on or about September 5, 1908.

That appeal was argued on December 15, 1911, and decided January 8, 1912. Our opinion will be found reported in 193 Fed. 24, 113 C. C. A. 348. From our decision the five claimants appealed to the Supreme Court, which affirmed the Court of Appeals, 226 U. S. 110, 33 Sup. Ct. 78, 57 L. Ed. 145.

In a separate proceeding instituted by one Gorman to establish a claim in reclamation to some shares of Greene Cananea stock we held on January 9, 1911, that the claimant had not sufficiently identified. 184 Fed. 454, 106 C. C. A. 536. From that decision appeal was taken to the Supreme Court, which held that there was sufficient proof of identity, reversing our decision. Gorman v. Littlefield, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047.

It is the theory of these claimants that if the rule enunciated in Gorman v. Littlefield had been applied to the facts in their cases it would have been held that as to their steel stock identity had been proved. They therefore bring this bill of review which in substance and effect prays for a retrial of their respective claims. They contend that they did not present any argument to the District Court or to the Court of Appeals or to the Supreme Court as to this part of

their claim and that in their record on appeal they left out some of the testimony that referred to the steel stock; also that the appellate courts did not deal with that question.

It appears then that these claimants originally advanced the claim which is the subject of their bill of review; that they either took all the testimony they could muster in its support, or had full opportunity to do so before the referee. That they elected not to argue before the District Court the proposition that they had traced their steel stock into the block of 1,000 shares which was pledged to the Hanover Bank. That, although many months before their appeal was argued in this court the Gorman Case had been disposed of here and an appeal from our decision therein taken (by their own counsel, who also appeared for Gorman), they elected not to present and argue the question (or at least present and reserve it) that our decision in the Gorman Case was unsound. That before the Supreme Court they elected not to call attention to this same question, although for some reason the appeal in the Princeton Bank and these two cases came on for argument there before the earlier appeal in the Gorman Case.

Their theory seems to be that they may bottle up part of their claim, which was, as originally presented, a single one, during review by three successive courts and then years afterwards bring it forth de novo to be presented for decision.

Such practice would be intolerable and we fully concur with Judge Hand in his disposition of the bill of review.

Order affirmed.