# RE JOSÉ DOMINGO FERRER.

Mayaguez, Bankruptcy, No. 191.

PROPERTY LOANED TO BANKRUPT.

Bankruptcy—Loaned Property.

1. Property loaned to the bankrupt is not embraced in proceedings against him.

Loan or sale—Finding of Referee.

2. Where the question is whether a transaction was a loan or a sale, the finding of the referee, who has an opportunity to inspect the original papers, will not ordinarily be disturbed.

Opinion filed January 8, 1918.

*Mr. Harry H. Besosa* for claimant Vicente Pabon Rivera.

*Mr. Oscar Souffront* attorney for trustee Benigno Colon.

HAMILTON, Judge, delivered the following opinion:

During the course of the administration of this estate a creditor named Pabon filed a petition before the referee, ask-

Re Ferrer.

ing for return of property alleged to have been loaned to the bankrupt before the declaration of bankruptcy but while he was in insolvent circumstances. The referee examined the papers and witnesses, and decided against the application. The creditor seeks to review this finding.

1. The general rule is that a trust fund must be clearly traced in order to charge the bankrupt estate with liabilities. Re Leigh, 208 Fed. 486. This is true whether the fund consists of money or of specific property. It must be shown that it is in the trustee's possession, or went into property of which the trustee has acquired possession from the bankrupt. Knauth v. Lovell, 212 Fed. 337. Moreover, the principle applies in bankruptcy as in equity, that where the debtor himself mixes a fund with his own property, as where, after misappropriating trust funds, he mingles them with his own in a general account and then withdraws the whole, the fund cannot be considered as traced. Re M. E. Dunn & Co. 193 Fed. 212. The equitable principle is that there should be restitution where the property in the hands of the trustee has been increased by the addition of that of one creditor, and this increase can be traced and remains. It would be inequitable for other creditors to enjoy what the debtor had misappropriated, belonging to someone else, where the proceeds are still extant in his hands or in the hands of his trustee. It is not upon the principle that the sufferer from a tort of the debtor enjoys any higher right than the sufferer in matters of contract. If one's goods are sold to the debtor and the proceeds mingled with his funds, the creditor has only a claim for damages. This equitable principle has been illustrated many times in receivership proceedings in this court, and as bank-

ruptcy is administered on equitable principles there is no reason why the same should not apply in bankruptcy. Collier, Bankr. 10th ed. 873. Thus the failure of a purchaser to disclose insolvency is not a fraud which entitled the seller to recover the property. Re Davis, 112 Fed. 294. The property held by a bankrupt passes to the trustee in bankruptcy subject to the interests outstanding in it, but this does not apply where the property cannot be traced in either its original or a substituted form. John Deere Plow Co. v. McDavid, 70 C. C. A. 422, 137 Fed. 802.

2. The difficulty in the case at bar is not so much in the principles as in their application to the facts of the case. The claim of the petitioner is that the bankrupt borrowed twenty-four sacks of flour, promising to return the equivalent from a shipment he was expecting from New York. This was hardly a specific loan. It is not shown, moreover, that the trustee ever received this shipment, in point of fact it seems that the debtor transferred it to someone else. The trustee also testifies that he never received any money proceeds of the flour alleged to be borrowed nor the flour itself. The bankrupt's ledger shows no loan, and the entries in the day book showing a loan, prestado, are at least open to suspicion. The referee had the opportunity of inspecting the documents and observing the demeanor of the witnesses, and the court does not feel authorized or even disposed to doubt the conclusion at which he arrived. The petitioner must be remitted to his rights as a general creditor, and the petition will be denied.

It is so ordered.