### ISRAEL v. WOODRUFF et al.

(Circuit Court of Appeals, Second Circuit. May 15, 1924.)

No. 299.

1. **Pledges ⬤➣11—Symbolic delivery of pledged property held sufficient.**

Delivery of a pledge may be in accordance with the nature of the property, and where potatoes, then loaded on lighters and in possession of a lighterage company, were pledged, delivery to that company of an order from the owner to hold the potatoes for the pledgees and subject to their orders was a sufficient delivery.

2. **Bankruptcy ⬤➣303(1)—Trustee has burden of proof to establish preference.**

Where property pledged by bankrupt was redelivered to it by the pledgees to be sold for their account, it held the proceeds in trust until the indebtedness secured by the pledge was liquidated, and where it sold the property for more than the amount of the indebtedness, which it thereafter paid, the burden rested on its trustee, seeking to recover the payment as a preference, to prove that it was not made from the trust fund.

3. **Trusts ⬤➣352—Trustee, who mingles trust fund with his own, has burden to distinguish what is his own.**

If one mixes trust funds with his own, all will be treated as trust property, except so far as he may be able to distinguish what is his own.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Morris Israel, trustee in bankruptcy of Sullivan, Young & Russlend, Inc., against Frank C. Woodruff and Watson S. Woodruff, partners as S. D. Woodruff & Sons. Decree for defendants, and complainant appeals. Affirmed.

Julian Hartridge, of New York City, for appellant.

Hunt, Hill & Betts, of New York City (Robert McLeod Jackson, of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The appellant seeks in this suit to recover from the appellees alleged preferential payments made prior to bankruptcy. The report of the special master, confirmed by the District Judge, held that the appellees at the time of receiving certain payments had reasonable cause to believe that Sullivan, Young & Russlend, Inc., the maker of the payments and for whom the appellant is trustee in bankruptcy, was insolvent. It was held that the appellant should recover certain of these payments, but that the appellees were entitled to some credits, which exceeded the amount of the payments,

and therefore a judgment was given for the appellees, dismissing the bill of complaint.

In May, 1919, the appellees loaned to Sullivan, Young & Russlend, Inc., $25,000, and took as security the notes of this corporation, indorsed individually by Messrs. Sullivan, Young, and Russlend. They also took a bill of sale for certain potatoes, then fully paid for, and in storage on three lighters of the Jarvis Lighterage Company. Delivery slips or orders on the Jarvis Lighterage Company were given, and the appellees by letter dated May 22, 1919, sent these delivery orders to the Jarvis Lighterage Company, and asked them to hold the potatoes for the time on the appellees' account and subject to their orders. Thereafter the appellees arranged with Sullivan, Young & Russlend, Inc., to sell the three lighter loads of potatoes for the appellees' account, and directed the Jarvis Lighterage Company to turn the potatoes over to them, which was done. On July 1, 1919, Sullivan, Young & Russlend, Inc., was insolvent and filed a petition in bankruptcy.

The court below found that the appellees had on and at all times after July 1, 1919, reasonable cause to believe that Sullivan, Young & Russlend, Inc., was insolvent. It appears that certain payments on account of this loan were made prior to July 1, 1919, and that after that date the balance of this loan was repaid. The court allowed the appellant to recover all payments made after July 1st, excepting the payments made from the sale of the three lighters of potatoes, which were held to be a trust fund, to be used for the repayment of the loan of $25,000. It was found below that Sullivan, Young & Russlend, Inc., received a net sum from the proceeds of the pledged potatoes in excess of the amount of the payments which it had made to the appellees after July 1. 1919; that is to say, in excess of the alleged preferential payments.

The court held that the three lighter loads of potatoes had been validly pledged to the appellees as collateral security for the loan; that when the appellees instructed the Lighterage Company, in whose custody they were, to turn the potatoes back to Sullivan, Young & Russlend, Inc., to sell for appellees' account, their rights as pledgees were not lost; that the bankrupt received the potatoes in trust for the sole purpose of selling them for the appellees' account; that the appellees were entitled to retain the payments to the extent of the net proceeds received from the potatoes; that, the bankrupt having so sold them and received more, as the net proceeds thereof, than the amount of the alleged preferential payment, the appellant is not entitled to recover. It is the contention of the appellant that, even if the bankrupt had received more from the potatoes than the alleged preference, yet the appellees were not entitled to retain any part of the proceeds, except such as could be traced into the bankrupt's bank accounts and shown to have remained there until paid over to the appellees. It is further contended by the appellant that the potatoes were not turned over to the bankrupt to sell for the appellees' account, and that therefore no trust fund existed as to the proceeds.

[1] We agree with the finding below that the three lighter loads of potatoes were pledged to the appellees as collateral security for the

loan. There was a transfer of the right of possession to the three lighter loads by the bankrupt, accompanied by the delivery of orders for the potatoes on the Jarvis Lighterage Company, in whose custody they were. This was sufficient to constitute a pledge thereof. There was no need of an actual manual delivery of the potatoes. The mode of delivery may be according to the nature of the property. In the case of large bulk, manual delivery would be inconvenient, and constructive or symbolic delivery, such as an order or by the delivery of a bill of lading, is sufficient. If the property is committed by the pledgor to the exclusive control and charge of the pledgee, especially if this is followed by an act of dominion or possession by the pledgee or his agent, this will suffice. Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779.

It appears that the potatoes were returned to the bankrupt for the sole purpose of selling them for the account of the appellees. This direction to sell for the appellees' account was given in a series of letters, with directions to remit the proceeds. The bankrupt sent a report of the sales and part of the proceeds. Indeed, it is conceded on this appeal that the cargo of potatoes on one lighter was sent to the bankrupt to be sold for the appellees' account, and the testimony justifies the conclusion below that the cargoes on the other two lighters were also so sold. The complaint and answer claim that the appellees' exercised dominion over the three lighter loads, but the appellant alleges acts of ownership by the appellees, while the latter the necessary possession and control as collateral security. Whatever conflict there was in the evidence as to this pledge was fairly considered and properly decided in appellees' favor.

The experienced trial judge having approved the master's report, it will be permitted to stand, unless an obvious error has intervened in the application of the law, or some serious or important mistake appears to have been made in the consideration of the evidence. It is improbable, as claimed, that the appellees waived any security they had by way of this pledge in June. The potato market started to go down after June 1st and continued steadily to decline. The potatoes were deteriorating because of the hot weather. It would seem, therefore, that the appellees would keep all the collateral they had.

The pledged potatoes having been delivered by the pledgee to the pledgor, to be disposed of for the former's benefit, the latter held them as trustee for the appellees. Clark v. Iselin, 21 Wall. 360, 22 L. Ed. 568. This trust continued until the loan was liquidated. Richardson v. Shaw, 209 U. S. 365, 28 Sup. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981; Atherton v. Green, 179 Fed. 806, 103 C. C. A. 298, 30 L. R. A. (N. S.) 1053. There is no evidence in this record justifying the claim that the appellees ever knew that the bankrupt had applied any of the proceeds of the pledged potatoes to any purpose other than the liquidation of the loan. The trustee of this fund, when collected, after the sale of the potatoes, could not convert the moneys, and thus create a relationship of debtor and creditor; consent of the cestui que trust alone could accomplish this. It appears that the bankrupt did actually pay the appellees the amount due them. These payments cannot be successfully set aside. If it had set aside, in a special account for the

appellees, the sums of money still due on their loan, such moneys so set aside would have belonged to the appellees. In re T. A. McIntyre & Co., 181 Fed. 960, 104 C. C. A. 424; Gorman v. Littlefield, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047; Duel v. Hollins, 241 U. S. 523, 36 Sup. Ct. 615, 60 L. Ed. 1143; In re Solomon (C. C. A.) 268 Fed. 108. To use this fund and make the amount good, it could do without depleting its estate to the detriment of other creditors. No creditor could justly demand that the estate be augmented by a wrongful conversion of the property of a trust fund. This is because it never rightfully belonged to the bankrupt. Gorman v. Littlefield, supra.

The appellees received payments prior to July 1, 1919, of $9,495.50, and the proceeds from the sale of one lighter prior to July 1, 1919, was $5,340.65. This left a balance of $10,161.85 on account of the loan of $25,000 on July 1st. This balance due was paid within the four months previous to bankruptcy, and all could be recovered by the appellant, if his contentions were sound. In order to retain these payments, it was incumbent upon the appellees to establish that these moneys came from the proceeds of the sale of the potatoes. It was found below that the three lighter loads sold for $15,485.49, to which was added the sum of $1,221.71 for some potatoes not accounted for, thus making a total of $16,607.20. It is conceded that of this sum there was paid prior to July 1, $5,340.65. Deducting this from $16,607.20 left a balance of $11,266.55 as the net proceeds of the pledged potatoes not theretofore turned over to the appellees. It is from this sum that the balance of $10,161.85 was paid.

[3] It is argued that the burden is upon the appellees to trace the funds realized from the potatoes. But the money has been paid and the pledge satisfied. The burden is upon the appellants to show that appellees have received an unlawful preference. The payments by the bankrupt were consistent with honesty on their part, and the burden was on the appellant to show the payments were not made from the proceeds of the sale of the potatoes. This burden it has not sustained. If one mixes trust funds with his own, the same will be treated as a trust property, except so far as he may be able to distinguish what is his own. National Bank v. Insurance Co., 104 U. S. 67, 26 L. Ed. 693.

The appellees proved, under their plea to the complaint, that the bankrupt had pledged the potatoes as collateral and obtained possession as trustees to sell for the trustees. These potatoes were sold, and appellees never had any suspicion that the bankrupt had dissipated the proceeds of the pledged potatoes, but merely insisted upon the fulfillment of the bankrupt's duty to carry out the trust. The bankrupt eventually paid this trust obligation.

Error is assigned because the District Judge, in granting the supplemental interlocutory decree, considered evidence taken subsequent to a previous decree as to damages. This was within the court's discretion. It was wisely exercised and presents no error. Fourniquet v. Perkins, 57 U. S. (16 How.) 82, 14 L. Ed. 854.

We find no error below. The decree is affirmed.